839 F.2d 621
 46 Fair Empl.Prac.Cas. 287, 10 Fed.R.Serv.3d 791
 Parviz KARIM-PANAHI, Plaintiff-Appellant,
v.
LOS ANGELES POLICE DEPARTMENT; Daryl E. Gates; City of Los
Angeles; Tom Bradley; Sid Mills; Byron E. Young; Henry
T. Knopp; Robert Robles; Dean Blidterfeldt; M.F. Lords;
Tester Obrymski; Agapito Ramirez; Robert G. Gandy; Tom
Knoff, Defendants-Appellees.
 No. 86-6198.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Nov. 3, 1987.
Decided Feb. 16, 1988.
 
 Parviz Karim-Panahi, pro per.
 Richard Helgeson, City Atty., Los Angeles, Cal., for defendants-appellees.
 Appeal from the United States District Court for the Central District of California.
 Before ALARCON and NELSON, Circuit Judges, and AGUILAR,* District Judge.
 ALARCON, Circuit Judge:
 
 I. BACKGROUND
 
 1
 Parviz Karim-Panahi (Karim-Panahi) appeals from the judgment of dismissal of his amended complaint with prejudice for failure to state a claim.
 
 
 2
 On May 16, 1983, Karim-Panahi was arrested on misdemeanor charges of trespassing, Cal.Penal Code Sec. 602(l), and resisting or obstructing a police officer in the performance of his or her duties, Cal. Penal Code Sec. 148. The arresting officers transported Karim-Panahi to a jail facility, where he was booked and subjected to a strip search and a body cavity search.
 
 
 3
 Based on his conduct during the booking process, Karim-Panahi was prosecuted and convicted under section 148. On appeal, the conviction was overturned on the ground that the prosecution had failed to present sufficient evidence to show that the officers were lawfully discharging their duties when they searched Karim-Panahi.
 
 
 4
 On February 14, 1986, Karim-Panahi filed a complaint pro se in the present matter. He purported to allege claims under 42 U.S.C. Secs. 1983, 1985 and 1986 against the City of Los Angeles (City), the Los Angeles Police Department (LAPD), and various of their agents and employees arising out of the earlier arrest, strip search and prosecution. He also purported to allege employment discrimination and state law tort claims.
 
 
 5
 On defendants' motion, the district court dismissed Karim-Panahi's complaint with leave to amend, ruling that the complaint was vague, ambiguous, and unintelligible. The court explained to Karim-Panahi that the Federal Rules of Civil Procedure "require a short concise, brief statement of your case," but the court did not identify any particular deficiencies in the complaint.
 
 
 6
 Karim-Panahi then filed an amended complaint pro se, asserting essentially the same claims. Again, the defendants moved for dismissal. On May 29, 1986, Karim-Panahi filed a "Notice of Forceful Move and Change of Address," in which he alerted the court to the possibility that economic exigencies might prevent him from attending the upcoming hearing on defendants' motion.
 
 
 7
 On June 9, 1986, the court held a hearing on the motion. Neither Karim-Panahi nor any attorney acting on his behalf appeared at the hearing. The court dismissed the amended complaint with prejudice, on the ground that it failed to state a claim upon which relief could be granted. Fed.R.Civ.P. 12(b)(6). The district court did not advise Karim-Panahi of the deficiencies in the amended complaint.
 
 
 8
 Karim-Panahi now appeals from the dismissal of his amended complaint.
 
 II. JURISDICTION
 
 9
 An order dismissing a complaint with prejudice is final and appealable. Conerly v. Westinghouse Electric Corp., 623 F.2d 117, 119 (9th Cir.1980). We have jurisdiction over Karim-Panahi's timely appeal under 28 U.S.C. Sec. 1291 (1982).
 
 III. STANDARD OF REVIEW
 
 10
 We review de novo the dismissal of a complaint under Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted.[1] Noll v. Carlson, 809 F.2d 1446, 1447 (9th Cir.1987).
 
 
 11
 In civil rights cases where the plaintiff appears pro se, the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt. Bretz v. Kelman, 773 F.2d 1026, 1027 n. 1 (9th Cir.1985) (en banc). "A pro se litigant must be given leave to amend his or her complaint unless it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment.' " Noll, 809 F.2d at 1448 (quoting Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir.1980) (per curiam)); accord Eldridge v. Block, 832 F.2d 1132, 1135-36 (9th Cir.1987). Moreover, before dismissing a pro se civil rights complaint for failure to state a claim, the district court must give the plaintiff a statement of the complaint's deficiencies. Eldridge, 832 F.2d at 1136; Noll, 809 F.2d at 1448-49. "Without the benefit of a statement of deficiencies, the pro se litigant will likely repeat previous errors." Noll, 809 F.2d at 1448.
 
 IV. ANALYSIS
 A. Claims under 42 U.S.C. Sec. 1983
 
 12
 1. Defendants City, LAPD, Knopp, Young, Robles, and Blisterfeldt
 
 
 13
 Section 1983 imposes liability upon any person who, acting under color of state law, deprives another of a federally protected right. 42 U.S.C. Sec. 1983 (1982). "To make out a cause of action under section 1983, plaintiffs must plead that (1) the defendants acting under color of state law (2) deprived plaintiffs of rights secured by the Constitution or federal statutes." Gibson v. United States, 781 F.2d 1334, 1338 (9th Cir.1986), cert. denied, --- U.S. ----, 107 S.Ct. 928, 93 L.Ed.2d 979 (1987).
 
 
 14
 Section 1983 also imposes liability upon municipalities for constitutional deprivations resulting from actions taken pursuant to government policy or custom. Monell v. Dep't of Social Services, 436 U.S. 658, 694, 98 S.Ct. 2018, 2037, 56 L.Ed.2d 611 (1978). In this circuit, a claim of municipal liability under section 1983 is sufficient to withstand a motion to dismiss "even if the claim is based on nothing more than a bare allegation that the individual officers' conduct conformed to official policy, custom, or practice." Shah v. County of Los Angeles, 797 F.2d 743, 747 (9th Cir.1986).
 
 
 15
 The fourth amendment, applicable to the states through the fourteenth amendment, protects individuals against arrests without probable cause, McKenzie v. Lamb, 738 F.2d 1005, 1007 (9th Cir.1984), and against the use of excessive force during arrest procedures. Robins v. Harum, 773 F.2d 1004, 1008 (9th Cir.1985). The fourth amendment further prohibits strip searches of persons arrested for minor offenses, unless "jail officials have a reasonable suspicion that the particular arrestee is carrying or concealing contraband or suffering from a communicable disease." Giles v. Ackerman, 746 F.2d 614, 615 (9th Cir.1984) (per curiam), cert. denied, 471 U.S. 1053, 105 S.Ct. 2114, 85 L.Ed.2d 479 (1985).
 
 
 16
 In addition, this circuit has held that a claim of malicious prosecution is cognizable under section 1983 if the prosecution is conducted with the intent to deprive a person of equal protection of the laws. Usher v. City of Los Angeles, 828 F.2d 556, 562 (9th Cir.1987); Bretz, 773 F.2d at 1031.
 
 
 17
 Although Karim-Panahi's amended complaint consists in large part of a rambling and vituperative narrative plagued with errors in grammar and spelling, it does appear to allege that certain Los Angeles police officers, apparently defendants Knopp, Young, Robles and Blisterfeldt, arrested Karim-Panahi "unlawfully and with no reason," after which they beat, assaulted and tortured him. Amended Complaint paragraphs 20, 21. The pleading further alleges that these acts were engaged in under color of state law. Id. p 11. The amended complaint also appears to contain an allegation of official policy sufficient under Shah to state a claim against the City and the LAPD.[2] See id. p 31.
 
 
 18
 With respect to malicious prosecution, the amended complaint alleges that the police officer defendants maliciously and with no reason subjected Karim-Panahi "to criminal trial and appeals through a case that they FABRICATED in the Municipal Court," id. p 21, and that these actions were undertaken by reason of Karim-Panahi's national origin, religion, race, and political views. Id. paragraphs 11, 12.
 
 
 19
 In light of the foregoing allegations, we are precluded from concluding, as we must to uphold dismissal of the amended complaint, that the deficiencies in the section 1983 claims against the City, the LAPD, Knopp, Young, Robles, and Blisterfeldt cannot be cured by amendment after appropriate instructions from the district court. Accordingly, as to these claims, the district court erred in dismissing the amended complaint without leave to amend. On remand, the district court should advise Karim-Panahi of the deficiencies, if any, in his allegations under section 1983.[3] We do not, of course, require the district court to act as legal advisor to the plaintiff. Noll, 809 F.2d at 1448-49. However, the court must do more than simply advise the pro se plaintiff that his complaint needs to be shorter and more concise. Cf. Eldridge, 832 F.2d at 1136-37 (where magistrate ordered pro se plaintiff in civil rights action to file amended complaint "complying with the Local Rules of this Court in form" but failed to explain how complaint was deficient, district court abused its discretion in dismissing action for noncompliance with court's order). The district court is required to draft "a few sentences explaining the deficiencies." Noll, 809 F.2d at 1449.
 
 2. Defendants Gates, Bradley, and Mills
 
 20
 Karim-Panahi purports to base a section 1983 claim against defendants Gates, Bradley, and Mills on their alleged cover-up of fourth amendment violations by the police officer defendants. The amended complaint charges that Gates, Bradley, and Mills falsified facts and destroyed evidence and documents, which resulted in obstruction of justice. Amended Complaint p 24. Such allegations may state a federally cognizable claim provided that defendants' actions can be causally connected to a failure to succeed in the present lawsuit. However, if plaintiff were to succeed in this suit, then his cover-up allegations would be mooted. See, e.g., Dooley v. Reiss, 736 F.2d 1392, 1394-95 (9th Cir.) (affirming dismissal of section 1983 action alleging police cover-up where plaintiffs had in fact succeeded in obtaining redress for illegal police conduct in prior section 1983 action), cert. denied, 469 U.S. 1038, 105 S.Ct. 518, 83 L.Ed.2d 407 (1984); Landrigan v. City of Warwick, 628 F.2d 736, 742 (1st Cir.1980) (affirming dismissal of section 1983 claim alleging conspiratorial police cover-up where plaintiff had in fact prevailed in previous state court action based on illegal police conduct). Because the ultimate resolution of the present suit remains in doubt, Karim-Panahi's cover-up claim is not ripe for judicial consideration. Accordingly, the district court was correct in dismissing the claim, but should have dismissed without prejudice.
 
 
 21
 On remand, in addition to modifying its prior ruling to reflect the prematurity of the cover-up claim, the district court should explain to Karim-Panahi the distinction between dismissal without prejudice as opposed to dismissal with prejudice.
 
 B. Claim under 42 U.S.C. Sec. 1981
 
 22
 Section 1981 forbids all racial discrimination in the making of both public and private contracts. Saint Francis College v. Al-Khazraji, --- U.S. ----, 107 S.Ct. 2022, 2026, 95 L.Ed.2d 582 (1987). A claim under section 1981 is sufficient to withstand a motion to dismiss if it alleges that plaintiff suffered discrimination in employment on the basis of race. Jones v. Bechtel, 788 F.2d 571, 574 (9th Cir.1986). Karim-Panahi's pleading alleges that "[p]laintiff was denied employment ... because of his Middle-Eastern Iranian Race...." See Amended Complaint p 32. The district court erred in dismissing the section 1981 claim without advising Karim-Panahi of its deficiencies, one of which appears to be its failure to identify the defendant(s) against whom it is directed.
 
 
 23
 C. Claims under 42 U.S.C. Secs. 1985 and 1986
 
 
 24
 Section 1985 proscribes conspiracies to interfere with certain civil rights. A claim under this section must allege facts to support the allegation that defendants conspired together. A mere allegation of conspiracy without factual specificity is insufficient. Jaco v. Bloechle, 739 F.2d 239, 245 (6th Cir.1984); Burnett v. Short, 441 F.2d 405, 406 (5th Cir.1971). The amended complaint contains legal conclusions but no specification of any facts to support the claim of conspiracy. The district court should have advised Karim-Panahi of this deficiency. We cannot say that with such instruction Karim-Panahi will be unable to amend his complaint again to state a cause of action under section 1985. See Amended Complaint p 30; Gillespie v. Civiletti, 629 F.2d 637, 641 (9th Cir.1980) (where pro se civil rights complaint under section 1985(3) failed to allege conspiracy or class-based animus but did allege that plaintiff "was denied medical and health needs at ten different holding facilities, and that he was a black prisoner," deficiencies in complaint could possibly be overcome by amendment).
 
 
 25
 Section 1986 imposes liability on every person who knows of an impending violation of section 1985 but neglects or refuses to prevent the violation. A claim can be stated under section 1986 only if the complaint contains a valid claim under section 1985. Trerice v. Pedersen, 769 F.2d 1398, 1403 (9th Cir.1985). Since Karim-Panahi must be given an opportunity to amend his claims under section 1985, we cannot now determine whether his claim under section 1986 is valid. Therefore, the dismissal of the section 1986 claim must also be reversed.
 
 D. Claim under Title VII
 
 26
 The district court also dismissed Karim-Panahi's employment discrimination claim under Title VII, 42 U.S.C. Secs. 2000e-2, 2000e-3, 2000e-5. Before bringing suit under Title VII, a plaintiff must exhaust the administrative remedies available under section 2000e-5. Plaintiff must file a discrimination charge with the Equal Employment Opportunity Commission and receive a right-to-sue letter from the Commission. 42 U.S.C. Sec. 2000e-5(f)(1); Wrighten v. Metropolitan Hospitals, Inc., 726 F.2d 1346, 1351 & n. 3 (9th Cir.1984). Failure to observe these requirements renders a suit subject to dismissal in the absence of any equitable consideration to the contrary. Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393, 102 S.Ct. 1127, 1132, 71 L.Ed.2d 234 (1982); Wrighten, 726 F.2d at 1351 & n. 3.
 
 
 27
 Karim-Panahi fails to allege that he filed a discrimination charge with the Equal Employment Opportunity Commission concerning the conduct of the defendants subsequent to February 28, 1984, the date of decision in an earlier employment discrimination case instituted by Karim-Panahi against several of the same defendants. Instead, the amended complaint alleges that "[a]ll necessary administrative procedures for action under [Title VII] have been utilized in the previous cases against these defendants." Amended Complaint p 33. Karim-Panahi's Title VII claim was properly dismissed. When the district court dismisses a pro se Title VII complaint on the ground that plaintiff has failed to allege the receipt of a right-to-sue letter, however, plaintiff must be granted leave to amend the pleading to cure the defect. See Jones v. Bechtel, 788 F.2d 571, 573 (9th Cir.1986) (where complaint failed to allege receipt of right-to-sue letter but plaintiff received such letter after complaint was filed, district court erred in dismissing complaint without affording pro se plaintiff an opportunity to amend complaint to allege receipt of letter). On remand, the district court should advise Karim-Panahi of the necessity of alleging receipt of a right-to-sue letter.[4]
 
 E. Claims under California Tort Law
 
 28
 Karim-Panahi's pendent state law tort claims against both the individual and public entity defendants are barred unless he presented them to the City and the LAPD before commencing suit. See Cal.Gov't Code Secs. 905, 945.4, 950.2 (West 1980); Ortega v. O'Connor, 764 F.2d 703, 707 (9th Cir.1985), rev'd on other grounds, --- U.S. ----, 107 S.Ct. 1492, 94 L.Ed.2d 714 (1987) (failure to comply with claim-filing requirements imposed by California Torts Claims Act bars pendent state claims); Neal v. Gatlin, 35 Cal.App.3d 871, 877-78, 111 Cal.Rptr. 117, 122 (1973) (where public employee was acting within employee's express or implied authority, notwithstanding wrongful nature of the act, complaint based on such act was properly dismissed for failure to allege filing of claim with employing public entity).
 
 
 29
 The amended complaint fails to allege compliance with California tort claim procedures. The district court properly dismissed the state law tort claims. The court erred, however, in failing to instruct Karim-Panahi regarding the necessity of alleging compliance with the exhaustion requirements.
 
 F. Statute of Limitations
 
 30
 As an alternative ground for affirmance, the defendants argue that the statute of limitations bars Karim-Panahi's section 1983 claims. Karim-Panahi's fourth amendment claims accrued on May 16, 1983, the date of his arrest. At that time, the California statute of limitations was one year for a personal injury action and three years for an action alleging "liability created by statute." See Cal.Code Civ.Proc. Secs. 338(1), 340(3) (West 1982 & Supp.1987). In Smith v. Cremins, 308 F.2d 187 (9th Cir.1962), we held that the latter limitations period applied to section 1983 actions. Id. at 190.
 
 
 31
 On April 17, 1985, the Supreme Court held that all section 1983 actions are to be governed by state statutes of limitations for personal injury actions. Wilson v. Garcia, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). Wilson, thus, superseded our decision in Smith and had the effect of reducing from three years to one year the statute of limitations applicable to section 1983 actions filed in federal courts sitting in California.
 
 
 32
 In Usher v. City of Los Angeles, 828 F.2d 556 (9th Cir.1987), we addressed the retroactive effect of Wilson. We held in Usher that "the limitation period for causes of action arising prior to Wilson shall be either (1) the pre-Wilson period, commencing at the time the cause of action arises, or (2) the post-Wilson period, commencing with the [date of the] Wilson decision, whichever expires first." Id. at 561.
 
 
 33
 In the matter before us, the pre-Wilson limitation period expired on May 16, 1986, three years after Karim-Panahi's cause of action accrued. The post-Wilson period expired April 17, 1986, one year after the date of decision in Wilson. Karim-Panahi's original complaint was filed on February 14, 1986. The filing of his section 1983 claims, therefore, was timely under both the pre- and post-Wilson limitations periods.
 
 V. SUMMARY AND DISPOSITION
 
 34
 We VACATE the district court's judgment of dismissal with prejudice of Karim-Panahi's section 1983 claims against defendants Gates, Bradley, and Mills and REMAND with instructions that the district court dismiss such claims without prejudice. We REVERSE the remainder of the district court's judgment and REMAND so that Karim-Panahi will have an opportunity to amend his pleading following the district court's instruction as to the deficiencies therein. Appellees' request for double costs or counsel fees on this appeal is DENIED.
 
 
 
 *
 Honorable Robert P. Aguilar, United States District Judge, Northern District of California, sitting by designation
 
 
 [1]
 Appellees argue that we should review the dismissal for abuse of discretion. The case on which they rely, however, involved dismissal of a complaint under Fed.R.Civ.P. 41(b) for failure to comply with various federal rules and a local rule. See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir.1981). The present case involves a dismissal under Fed.R.Civ.P. 12(b)(6), which we review de novo
 
 
 [2]
 Municipal police departments are "public entities" under California law and, hence, can be sued in federal court for alleged civil rights violations. Shaw v. California Dep't of Alcoholic Bev. Control, 788 F.2d 600, 605 (9th Cir.1986). See Fed.R.Civ.P. 17(b); Cal.Gov't Code Secs. 811.2, 945 (West 1987)
 
 
 [3]
 For example, the original complaint alleged that defendant Lords threatened Karim-Panahi with a Taser gun at the time other defendants were booking and searching him. The amended complaint omits any mention of Lords, although it does reallege that Karim-Panahi was "Tazer-Gunned" while in police custody. Amended Complaint p 21. Karim-Panahi may have omitted the reference to Lords in an attempt to comply with the court's direction that the amended complaint be shorter and more concise. In the first paragraph of the amended complaint, Karim-Panahi states that, "as ordered" by the court, the amended complaint is "more brief and shorter than the original complaint." Id. p 1. On remand, the district court should consider advising Karim-Panahi that his amended complaint is deficient in that it fails to link each defendant to specific conduct. See Kadar Corp. v. Milbury, 549 F.2d 230, 233-34 (1st Cir.1977)
 Also, the allegation that certain defendants subjected Karim-Panahi to a strip search, which appeared in the original complaint, is omitted from the amended complaint. This omission, too, may have been the result of Karim-Panahi's effort to comply with the district court's direction. The district court may want to advise Karim-Panahi that although he should omit surplusage, he need not omit allegations of specific acts committed against him by specific defendants.
 
 
 [4]
 Appellees contend that dismissal of this claim should be affirmed on the alternative ground that it is barred by the res judicata effect of the earlier Title VII lawsuit brought by Karim-Panahi. This argument is meritless. Although the defendants raised this argument in the district court, they did not introduce the judgment, the complaint, or any other evidence of the prior action to carry their burden of proving what issues Karim-Panahi was required to raise in the prior action. See 18 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure Sec. 4405 at 38-39 (1981). Thus, it is impossible to tell whether the prior suit precludes Karim-Panahi's present claim. Additionally, Karim-Panahi contends that the discriminatory acts on which he is now suing occurred after commencement of his prior suit and could not have been raised therein