942 F.2d 791
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Kevin Bruce DICKINSON, Plaintiff-Appellant,
v.
Lt. AUSTIN, Shift Supervisor, ASPC-Tucson; Sgt.
Hackenbrecht, Security Supervisor ASPC-Tucson,
Defendants-Appellees.
 No. 90-15100.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 23, 1991.*
Decided Aug. 30, 1991.
 
 Before BROWNING, FARRIS, and WILLIAM A. NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Kevin Bruce Dickinson, an Arizona state prisoner, appeals pro se the district court's sua sponte dismissal of his 42 U.S.C. § 1983 complaint under 28 U.S.C. § 1915(d).[1] In his complaint, Dickinson alleged that prison officials violated his first amendment right to freely exercise his religious beliefs by confiscating his swastika necklace. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse and remand.
 
 
 3
 We review de novo the district court's dismissal of an action under section 1915(d). Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir.1989). Dismissal under section 1915(d) is appropriate only if the action is frivolous. Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action is frivolous if "it lacks an arguable basis either in law or fact." Id. Moreover, in civil rights cases where the plaintiff appears pro se, the court must construe pleadings liberally and afford the plaintiff any benefit of the doubt. Karim-Panahi v. Los Angeles Police Department, 839 F.2d 621, 623 (9th Cir.1988). If the plaintiff has an arguable claim, he is entitled to issuance and service of process. Jackson, 885 F.2d at 640.
 
 
 4
 In his complaint, Dickinson, a member of the Church of Jesus Christ Christian ("CJCC"), a religious group with ties to the Aryan Nation, alleged that prison officials had violated his first amendment right to freely exercise his religious beliefs by confiscating a swastika necklace, which Dickinson claimed was a religious medallion. Dickinson also alleged an equal protection violation in that other inmates were allowed to wear religious medallions of other faiths. The district court sua sponte dismissed Dickinson's complaint concluding that Dickinson's beliefs "mock[ed] the foundation and purpose[ ] of establish religion" and that "the swastika is not recognized as the customary adjunct to any religious sect."
 
 
 5
 In its analysis, the district court correctly stated that only sincerely held religious beliefs are protected under the free exercise clause. See Thomas v. Review Bd. of the Indiana Employment Sec. Div., 450 U.S. 707, 713 (1981); Wisconsin v. Yoder, 405 U.S. 205, 215-16 (1972). Whether a belief or practice is a sincere manifestation of a religion, however, "is not to turn upon a judicial perception of the particular belief or practice in question; religious beliefs need not be acceptable ... to others in order to merit First Amendment protection." Thomas, 405 U.S. at 714; Employment Div., Dep't of Human Resources of Oregon, 110 S.Ct. 1595, 1599 (1990) ("[t]he free exercise of religion means, first and foremost, the right to believe and profess whatever religious doctrine one desires"). Moreover, inmates retain their first amendment rights to freely exercise their religious beliefs, though this right may be limited by virtue of their incarceration. O'Lone v. Shabazz, 482 U.S. 342, 348 (1987).
 
 
 6
 Thus, however unpalatable we may find Dickinson's beliefs, the district court erred in sua sponte dismissing Dickinson's complaint as frivolous based on its unsupported conclusion that Dickinson's professed religious beliefs, including his belief that the swastika is a symbol of his religion, are not entitled to first amendment protection. See Thomas, 405 U.S. at 714; see also Neitzke, 490 U.S. at 325. Cf. McCabe v. Arave, 827 F.2d 634, 637 n. 2 (9th Cir.1987) (based on the district court's assumption that the CJCC was a religion and that its prison followers were sincere in their belief, court found that prison followers of CJCC were entitled to first amendment protection); Wiggins v. Sargent, 753 F.2d 663, 665 (8th Cir.1985) (prison members of CJCC entitled to first amendment protection).
 
 
 7
 We observe, however, that even if Dickinson's beliefs are entitled to first amendment protection, the district still must determine whether the prison official's confiscation of Dickinson's swastika medallion violated his right to freely exercise his religious beliefs under the first amendment. This determination will turn on whether the prison policy banning swastika medallions "is reasonably related to valid penological interests." See Turner v. Safley, 482 U.S. 78, 89-90 (1987) (promulgating a four-part test). Thus, even if the district were to find that Dickinson's wearing of a swastika medallion was a constitutionally protected exercise of his religious beliefs, prohibiting such dress is permissible if it is related to a valid penological interest. See id.; see also Standing Deer v. Carlson, 831 F.2d 1525, 1528 (9th Cir.1987) (upholding prison ban on wearing religious headgear in prison dining hall).
 
 
 8
 Regardless of its ancient or historic origins, the swastika today is a potent symbol of intolerance, hatred, and violence. As such, prison officials may have a valid penological interest in prohibiting the wearing of swastikas.[2] See Procunier v. Martinez, 416 U.S. 396, 416 (1974) (suggesting that material which might encourage violence could be banned); McCabe v. Arave, 827 F.2d 634, 638 (9th Cir.1987) (in dicta, court held that religious literature could be banned if it advocated violence or "was so racially inflammatory as to be reasonably likely to cause violence at the prison"); Murphy v. Missouri Dep't of Corrections, 814 F.2d 1252, 1257 (8th Cir.1987) (racially inflammatory Aryan Nation materials can be banned from prison if material reasonably likely to cause violence).
 
 
 9
 Nevertheless, because we cannot say that Dickinson's claim lacks an arguable basis in law or fact, he is entitled to issuance and service of process. See Neitzke, 490 U.S. 319, 325 (1989); Jackson, 885 F.2d at 640.
 
 
 10
 REVERSED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court's order dismissed only Dickinson's complaint. Ordinarily, an order dismissing a complaint rather than dismissing the action is not an appealable final order under 28 U.S.C. § 1291. Here, however, it is clear that the district court intended to dispose of the entire action, and thus we have jurisdiction to consider this appeal. See Hoohuli v. Ariyoshi, 741 F.2d 1169, 1171 n. 1 (9th Cir.1984)
 
 
 [2]
 Issuance and service of process will provide prison officials with an opportunity to fully articulate the penological reasons for proscribing the wearing of swastikas