967 F.2d 597
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John Pershing WOLFE, Jr., Plaintiff-Appellant,
v.
STATE OF ARIZONA, et al., Defendant-Appellee.
 No. 91-16630.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 23, 1992.*
Decided July 6, 1992.
 
 Before FLETCHER, LEAVY and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 John Pershing Wolfe Jr., an Arizona state prisoner, appeals pro se the district court's 1915(d) dismissal of his 42 U.S.C. § 1983 action. We review for an abuse of discretion, Denton v. Hernandez, 60 U.S.L.W. 4364, 4348 (May 4, 1992). We affirm.
 
 
 3
 Frivolous in forma pauperis complaints may be dismissed sua sponte under 28 U.S.C. § 1915(d). Neitzke v. Williams, 490 U.S. 319, 325 (1989). A complaint is frivolous "where it lacks an arguable basis either in law or fact." Id.; accord Hernandez, 60 U.S.L.W. at 4384. In civil rights cases where the plaintiff appears pro se, the court must construe pleadings liberally and afford the plaintiff any benefit of the doubt. Karim-Panahi v. Los Angeles Police Department, 839 F.2d 621, 623 (9th Cir.1988).
 
 
 4
 Wolfe named the State of Arizona and a police detective in his complaint. Wolfe contends that the police detective committed perjury and defamed him in Wolfe's state court criminal trial. The district court properly dismissed the State of Arizona because the state has not consented to suit. See Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100 (1984) (state enjoys sovereign immunity and cannot be sued unless it consents to suit). The district court also properly dismissed the detective because witnesses who testify in the course of judicial proceedings enjoy absolute immunity from civil rights suits based upon their testimony, even if the testimony was perjured. Holt v. Castaneda, 832 F.2d 123, 125 (9th Cir.1987), cert. denied, 485 U.S. 979 (1988); Blevins v. Ford, 572 F.2d 1336, 1338 (9th Cir.1978).
 
 
 5
 Although Wolfe in his complaint alleges conspiracy between the state and state witnesses and between the prosecution and defense counsel, his appeal is limited to his claims relating to the damage to him from the "libel-defamation" of Detective Swearingin who he claims falsely intimated he was a child molester. He states that he is pursuing his habeas remedies for wrongful conviction in a suit in state court, not in this action. This appeal by his own words is a libel-defamation complaint for the words uttered on the witness stand. He cannot pursue this action against either the state or the policeman-witness.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3