**George Berry STRONG, Plaintiff,**

v.

**J. WOODFORD, et al., Defendants.**

**No. CV–04–8596RGK.**

United States District Court, C.D. California.

March 21, 2006.

Plaintiff, in pro per.

G. Michael German, Deputy Attorney General, Office of the California Attorney General, San Diego, CA, for defendant.

### MEMORANDUM AND ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND

JOHNSON, United States Magistrate Judge.

The Court is in receipt of Plaintiff's Complaint filed pursuant to 42 U.S.C. § 1983 and Defendants' motion to dismiss the Complaint. For the reasons discussed below, Defendants' motion to dismiss is granted and the Complaint is dismissed with leave to amend.

In the Complaint, Plaintiff alleges that prison officials mishandled or destroyed his outgoing legal mail from June to August 2003, in violation of Plaintiff's rights under the First, Fifth, and Fourteenth Amendments. (Complaint, at 5–12.) Plaintiff alleges that he complained to supervisors and that prison officials admitted some wrongdoing. (*Id.*)

## I.

A trial court may dismiss a claim upon motion of the defendants or *sua sponte* pursuant to Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted." *See Wong v. Bell*, 642 F.2d 359, 361–62 (9th Cir.1981). A complaint can be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *See Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232–33, 81 L.Ed.2d 59 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101, 2 L.Ed.2d 80 (1957)). In reviewing a complaint under this standard, the Court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hospital Trustees*, 425 U.S. 738, 740, 96 S.Ct. 1848, 1850, 48 L.Ed.2d 338 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421, 89 S.Ct. 1843, 1848, 23 L.Ed.2d 404 (1969). However, the "court is not required to accept legal conclusions cast in the form of factual allegations that cannot reasonably be drawn from the facts alleged [citations omitted]." *Clegg v. Cult Awareness Network, et al.*, 18 F.3d 752, 754 (9th Cir.1994).

▮ In a *pro se* civil rights case, the complaint must be construed liberally to afford the plaintiff the benefit of any doubt. *Karim–Panahi v. Los Angeles Police Department*, 839 F.2d 621, 623 (9th Cir.1988). Before dismissing a *pro se* civil rights complaint for failure to state a claim, the plaintiff should be given a statement of the complaint's deficiencies and an opportunity to cure. *Id.* Only if it is absolutely clear that the deficiencies cannot be cured by amendment should the complaint be dismissed without leave to amend. *Id.;*

*see also Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir.1995).

▮ To prosecute an action pursuant to 42 U.S.C. § 1983, a plaintiff must plead that (1) defendants acted under color of state law and (2) deprived plaintiff of rights secured by the Constitution or federal statutes. *See West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988). Vague and conclusory allegations of participation in civil rights violations are insufficient. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir.1982). In addition, a negligent act by a person acting under color of state law does not rise to the level of a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 333, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986).

## II.

### FIRST AMENDMENT ACCESS TO THE COURTS

▮ Plaintiff alleges that prison officials violated his First Amendment right to access the courts by destroying and failing to mail his outgoing legal mail from June to August 2003. Prisoners have a fundamental right of access to the courts. *Lewis v. Casey*, 518 U.S. 343, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996); *Bounds v. Smith*, 430 U.S. 817, 821–23, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977). Prisoners also enjoy some degree of First Amendment rights in their legal correspondence. *See King v. Atiyeh*, 814 F.2d 565, 568 (9th Cir.1987); *White v. White*, 886 F.2d 721, 723 (4th Cir.1989). However, only inmates who can show that they suffered actual injury in their efforts to pursue a particular legal claim may assert claims based on a denial of this First Amendment right. *Lewis*, 518 U.S. at 351–53, 116 S.Ct. 2174 (actual injury consists of frustration or impairment of a non-frivolous legal claim); *see also Vandelft v. Moses*, 31 F.3d 794, 796–

97 (9th Cir.1994). A delay in filing a legal document without any attendant adverse consequences does not constitute actual harm. *Vigliotto v. Terry,* 873 F.2d 1201, 1202 (9th Cir.1989).

■ Plaintiff has failed in his Complaint to allege any actual harm from interference with his legal mail, therefore he has failed to state a First Amendment violation with respect to access to the courts. *Lewis,* 518 U.S. at 351–53, 116 S.Ct. 2174; *King,* 814 F.2d at 568; *Vigliotto,* 873 F.2d at 1202.

### III.

### FIFTH AMENDMENT DUE PROCESS

■ Plaintiff alleges that the destruction or mishandling of his legal mail also constitutes a due process violation. Negligence by state actors in the prison context does not constitute a due process violation and is not actionable under section 1983. *Daniels v. Williams,* 474 U.S at 333, 106 S.Ct. 662; *Hines v. Boothe,* 841 F.2d 623, 624 (5th Cir.1988) ("Negligence does *not* state a claim under section 1983 and the facts alleged by Hines with regard to the loss of his legal mail do not constitute more than negligence.") (emphasis in original), *overruled on other grounds in Huguet v. Barnett,* 900 F.2d 838 (5th Cir. 1990). To the extent Plaintiff alleges only negligent conduct by prison officials, his claim is not cognizable.

### IV.

### SUPERVISOR LIABILITY

■ To the extent that Plaintiff alleges that any defendant's liability is based on his or her status as a supervisor of an official who violated Plaintiff's rights, Plaintiff fails to state a claim upon which relief can be granted. Liability under section 1983 cannot be predicated on the theory of *respondeat superior,* to wit, a supervisor is liable for the wrongful acts of his subordinates. *See Taylor v. List,* 880 F.2d 1040, 1045 (9th Cir.1989). Under section 1983, a supervisor may be liable only if there exists either "(1) his or her personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Mackinney v. Nielsen,* 69 F.3d 1002, 1008 (9th Cir.1995). A supervisor may be held liable when he is put on notice of wrongful conduct and fails to investigate or correct the violation. *Taylor,* 880 F.2d at 1046 (supervisor must participate in, direct, or know of subordinates' violations and fail to prevent them in order to be liable).

Plaintiff's claims against supervisory defendants fail for the same reasons discussed in Sections II and III above. However, they also fail to the extent Plaintiff has alleged only that supervisors generally were responsible for the management of the prison or the prison mail system. *Id.,* 880 F.2d at 1045–46.

### V.

### ELEVENTH AMENDMENT IMMUNITY

■ To the extent that Plaintiff sues defendants in their official, as opposed to individual, capacities, and to recover money damages, the defendants may be immune from liability pursuant to the Eleventh Amendment. The Eleventh Amendment provides that the federal judiciary power "shall not be construed to extend to any suit in law or equity, commenced against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. Amend. XI. In an action for incurred monetary damages, state sovereign immunity can be overcome only by explicit abrogation by Congress pursuant to its powers under the Fourteenth Amendment or by state consent to suit. *See In re*

*Harleston,* 331 F.3d 699, 701 (9th Cir. 2003).

■ "The Eleventh Amendment bars both *a federal court action for damages (or other retroactive relief) brought by a citizen against a state and such a federal court action brought by a citizen against a state official acting in his official capacity.*" *Pena v. Gardner,* 976 F.2d 469 (9th Cir. 1992). Therefore, the individual defendants may not be sued for retrospective damages or relief while acting in their official capacity. *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989).

■ Because suits for retroactive relief against state officials in their *official* capacity generally constitute suits against the state itself, *see Hafer v. Melo,* 502 U.S. 21, 25, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991), federal courts lack jurisdiction to entertain such suits—although *individual-*capacity claims against state officials face no Eleventh Amendment jurisdictional barrier. *Id.* Therefore, the Court is without subject matter jurisdiction to consider Plaintiff's official-capacity allegations against state official defendants, to the extent he is seeking damages or other retroactive relief.

## VI.

### PUNITIVE DAMAGES

Defendants have moved to strike Plaintiff's request for punitive damages because Plaintiff has not alleged egregious conduct. The Court declines to strike the damages request at this time.

### *ORDER*

For the foregoing reasons, Defendants' motion to dismiss is **GRANTED.** The Complaint is dismissed with leave to amend.

If Plaintiff elects to file an amended complaint, the amended complaint must be filed within twenty-eight (28) days of the date of this Order. The amended complaint must comply with all the applicable provisions of the Prison Litigation Reform Act of 1995, Pub.L. No. 104–134, 110 Stat. 1321 (codified in sections of Titles 18, 28 and 42 of the United States Code), the Federal Rules of Civil Procedure, and the Local Rules for the Central District of California. Plaintiff is admonished that an amended complaint must be double-spaced, with pages and lines numbered, and not more than 28 lines on a page, pursuant to Local Rule 11–3 of the Central District of California.

The amended complaint must be labeled with the case number assigned to this case and must be labeled "First Amended Complaint." In addition, Plaintiff is informed that the court cannot refer to a prior pleading in order to make his First Amended Complaint complete. Local Rule 15–2 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes an earlier complaint. *See Loux v. Rhay,* 375 F.2d 55, 57 (9th Cir.1967).

Plaintiff is further admonished that in any amended complaint, he must make clear exactly what are his claims for relief as opposed to what is the factual support for those claims. Each separate claim for which Plaintiff seeks relief must be separately numbered and explained in any amended complaint. Fed.R.Civ.P. 8. Moreover, Plaintiff must explain which defendant engaged in each alleged violation.

If Plaintiff elects not to file a First Amended Complaint within twenty-eight (28) days from the date of this Order, this Court will recommend that this action be dismissed for failure to prosecute, failure to comply with this Court's order or potentially for failure to state a claim upon

which relief can be granted (meaning it would likely constitute a "strike" in evaluating any future IFP request). *See* Fed. R.Civ.P. 41(b); Local Rules—Central District of California, L.R. 41–1; *see also Link v. Wabash R.R.,* 370 U.S. 626, 629–30, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); *Yourish v. California Amplifier,* 191 F.3d 983, 986 (9th Cir.1999).

**IT IS SO ORDERED.**