NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-1115, -1246

GEORGE E. KERSEY,

Plaintiff-Appellant,

v.

COMMISSIONER OF PATENTS AND TRADEMARKS,

Defendant-Appellee.


George E. Kersey, of Framingham, Massachusetts, pro se.

Alan Burch, Assistant United States Attorney, Civil Division, United States Attorney's Office, of Washington, DC, argued for defendant-appellee.  On the brief were Jeffrey A. Taylor, United States Attorney, and R. Craig Lawrence and David C. Rybicki, Assistant United States Attorneys.

Appealed from:  United States District Court for the District of Columbia

Judge Emmett G. Sullivan

# United States Court of Appeals for the Federal Circuit

2009-1115, -1246

GEORGE E. KERSEY,

Plaintiff-Appellant,

v.

COMMISSIONER OF PATENTS AND TRADEMARKS,

Defendant-Appellee.

Appeals from the United States District Court for the District of Columbia in case nos. 1:06-MC-416 and 1:07-MC-302, Judge Emmett G. Sullivan.

_____

DECIDED:  November 18, 2009

_____

Before LOURIE, DYK, and PROST, Circuit Judges.

PROST, Circuit Judge.

George Kersey appeals the denial of his application for leave to file in forma pauperis a complaint in the United States District Court for the District of Columbia. Because the district court's denial of the application without prejudice was not a final judgment, we dismiss Mr. Kersey's appeal for lack of jurisdiction under 28 U.S.C. § 1291.

BACKGROUND

Mr. Kersey filed two actions in the district court, both challenging a decision of the United States Patent and Trademark Office ("PTO") to exclude him from practice before the PTO.  Mr. Kersey applied for in forma pauperis privileges in one of the two

filings. To apply for in forma pauperis privileges, Mr. Kersey submitted to the district court the standard in forma pauperis application form provided by the district court. In response to specific questions on the form, Mr. Kersey indicated that he was currently unemployed, and that his most recent employment was an hourly retail store job that ended two years prior to filing the form. Mr. Kersey also indicated that his only current source of income was "[b]usiness, profession, or other self-employment." Although the form asked for the specific source of income and the amount of the income, Mr. Kersey did not provide any specific source or any dollar amount. He stated instead that he received only payments for his expenses from his attempts to help pro se litigants. He did not indicate the amount of his expenses or the amount he received. Mr. Kersey stated that the total value of his checking account was $900. He did not list any other accounts. The only asset Mr. Kersey listed was a car, on which he claimed to be making monthly payments of $200.

In a minute order dated August 7, 2008, the district court summarily denied Mr. Kersey's in forma pauperis application without prejudice. Mr. Kersey did not file a subsequent application, nor did he file a motion for reconsideration. Mr. Kersey appealed the district court's denial without prejudice to this court.[1] Mr. Kersey's underlying complaint is still pending before the district court.

---

[1] Mr. Kersey's brief to this court also challenges the consolidation of cases 1:07-MC-302 and 1:06-MC-416 and the dismissal of certain defendants for failure of service as two additional issues on appeal. As both of those issues were resolved by this court's order in Kersey v. Commissioner of Patents and Trademarks, No. 2009-1115 (Fed. Cir. Mar. 4, 2009), they are not part of the present appeal. Accordingly, we need not address them here.

DISCUSSION

The denial of an in forma pauperis application is an appealable order. Roberts v. U.S. Dist. Ct. N. Dist. Cal., 339 U.S. 844, 845 (1950). The district court's denial of Mr. Kersey's application without prejudice, however, was not an appealable final action. See 28 U.S.C. § 1291; cf. Ciralsky v. CIA, 355 F.3d 661, 666-67 (D.C. Cir. 2004) (noting that courts often regard the dismissal without prejudice of a complaint as not final and thus not appealable because the plaintiff is free to amend his pleading and continue the litigation, while the dismissal with prejudice of a complaint or action is final and appealable, citing Hoskins v. Poelstra, 320 F.3d 761, 763 (7th Cir. 2003); WMX Techs. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997); 19 James W. Moore, Moore's Fed. Practice § 201.14 (3d ed. 2003); Heffernan v. Hunter, 189 F.3d 405, 408 (3d Cir. 1999); Karim-Panahi v. L.A. Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988)).

There are two procedural options available to Mr. Kersey following the district court's denial of his application without prejudice. First, Mr. Kersey may file a subsequent application, as the district court's denial of his previous application does not prejudice him from further attempts to proceed in forma pauperis. Mr. Kersey's subsequent application may be granted or denied at the discretion of the district court. A denial of a subsequent application with prejudice will be an appealable order.

If Mr. Kersey does not wish to file a subsequent application, he may instead file a motion for reconsideration with the district court, and elect to stand on his motion as originally filed. The district court may then reconsider its order and grant leave to proceed in forma pauperis, or deny the application with prejudice. Unless and until the

2009-1115, -1246                           3

application is denied with prejudice, Mr. Kersey's cannot properly appeal the denial to this court.

During oral argument, the Government raised several deficiencies with Mr. Kersey's application, including the inability of the district court to discern from the application the actual amount of Mr. Kersey's self-employment income and expenses, the source of Mr. Kersey's ability to make monthly car payments, and the discrepancy between Mr. Kersey's only documented paycheck and the balance of his checking account. Mr. Kersey represented to this court that although he believes he completed the application to the best of his ability, there is more information he can give the district court in a subsequent application to aid in its evaluation of his request.

We therefore conclude that Mr. Kersey's appeal is not properly before this court and dismiss the case for lack of jurisdiction under 28 U.S.C. § 1291.

## COSTS

Each party shall bear its own costs.