**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LEONARD J. PORTO, III, | No. 08-57028 |
| Plaintiff - Appellant, | D.C. No. 8:08-cv-00547-DOC-MLG |
| v. | |
| CITY OF LAGUNA BEACH, a political entity; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge

Submitted February 15, 2011 [**]

Before:    CANBY, FERNANDEZ, and M. SMITH, Circuit Judges.

Leonard J. Porto, III, appeals pro se from the district court's judgment in his

42 U.S.C. § 1983 action alleging constitutional violations arising from the issuance

of a municipal code citation.  We have jurisdiction under 28 U.S.C. § 1291.  We

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

review de novo.  *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1030 (9th Cir. 2008) (failure to state a claim); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 919 (9th Cir. 2001) (summary judgment).  We affirm.

The district court properly dismissed Porto's First and Fourteenth Amendment claims because Porto cannot establish that he has a constitutional right to scuba dive.  *See Washington v. Glucksberg*, 521 U.S. 702, 727 (1997) (the Fourteenth Amendment protects "personal activities and decisions that this Court has identified as . . . fundamental to our concept of constitutionally ordered liberty").  Porto also failed to allege facts showing that defendants retaliated against him because of his longstanding criticism of lifeguards.  *See Pinard v. Clatskanie Sch. Dist. 6J*, 467 F.3d 755, 770 (9th Cir. 2006).  Nor has he established that the challenged municipal ordinances are unconstitutionally vague.  *See U.S. v. Williams*, 441 F.3d 716, 724-25 (9th Cir. 2006).

Moreover, Porto has not established a violation of his right to travel or to association.  *See Miller v. Reed*, 176 F.3d 1202, 1206 (9th Cir. 1999) ("[B]urdens of a single mode of transportation do not implicate the right to interstate travel."); *Villegas v. City of Gilroy*, 484 F.3d 1136, 1141-42 (9th Cir. 2007) (groups not engaged in expressive activity do not enjoy an independent constitutional right to freedom of association).

The district court properly granted summary judgment on the excessive force claim because Porto failed to raise a genuine issue of material fact as to whether Officer Donohue's placing Porto in a compliance hold was objectively reasonable. *See Mattos v. Agarano*, 590 F.3d 1082, 1086-89 (9th Cir. 2010).

The district court properly dismissed Porto's state law tort claims for failure to comply with exhaustion rules after he was warned of the need for compliance. *See Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 627 (9th Cir. 1988).

The district court did not abuse its discretion in denying Porto's motion to amend his complaint a third time. *See Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004).

Porto's remaining contentions are not persuasive.

**AFFIRMED**.