**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

MAY 19 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| NIVEEN ISMAIL, | No. 14-56486 |
| Plaintiff-Appellant, | D.C. No. 8:10-cv-00901-VBF-AJW |
| v. | |
| COUNTY OF ORANGE; LAURA TAYLOR, in her official and individual capacities; JULIE FULKERSON, in her official and individual capacities; HUNTINGTON BEACH POLICE DEPARTMENT; MARY MADISON; STEVE BRODKIN; COLLEEN VARGAS; RHEA WREN; MARGARET JORTH; TASSIANA MERVILUS; DANG VU; MICHAEL RYAN; MICHAEL FORD; SHELBY FORD, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Valerie Baker Fairbank, District Judge, Presiding

Argued and Submitted January 12, 2017
Pasadena, California

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before:    TASHIMA, TALLMAN, and FRIEDLAND, Circuit Judges.

Niveen Ismail appeals from the district court's dismissal and summary adjudication of her claims, brought pursuant to 42 U.S.C. §§ 1983 and 1985, against the County of Orange ("Orange County"), thirteen social workers employed by Orange County, and Michael and Shelby Ford, who are the adoptive parents of Ismail's biological son "A.I." We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Ismail's claims arise out of dependency proceedings in California juvenile court that culminated in the termination of her parental rights to A.I. on July 17, 2008. She claims that the social workers involved in the proceedings deprived her of various constitutional rights by submitting false reports to the juvenile court, and that the Fords conspired with the social workers in perpetrating the fraud. These claims rely in part on allegations that the juvenile court made a number of erroneous determinations, including to (1) continue the out-of-home placement of minor A.I., (2) terminate Ismail's reunification services, and (3) rule that reasonable services had been provided to Ismail.

Also at issue on appeal is a separate claim against one of the social workers, Julie Fulkerson, for violating Ismail's constitutional right to privacy by disclosing a court-ordered psychological evaluation to a detective who was investigating

Ismail for allegedly attempting to kidnap A.I. Lastly, Ismail asserts a constitutional challenge to the California statute governing termination of parental rights. In addition to damages, Ismail requests "review of her consolidated appeals" to the state appellate courts, which affirmed the juvenile court, and "an order to reinstate [her] parental rights."

The district court dismissed with prejudice all of the claims against the social workers, save for the privacy claim against Fulkerson, having concluded that those claims were barred under the *Rooker-Feldman* doctrine.[1] Orange County was dismissed at the same time. The court dismissed with prejudice the claims against the Fords on the ground that they are not state actors. Subsequently, the court granted summary judgment in favor of Fulkerson on the basis of qualified immunity. Ismail timely appealed.

"We review de novo a district court's dismissal under *Rooker-Feldman*." *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004). We review de novo a dismissal for failure to state a claim. *Kahle v. Gonzales*, 487 F.3d 697, 699 (9th Cir. 2007). "We review de novo a district court's decision to grant summary judgment." *Weiner v. San Diego Cty.*, 210 F.3d 1025, 1028 (9th Cir. 2000).

---

[1] *See Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

3

**1.** The district court properly concluded that the claims against the Orange County social workers, other than the privacy claim against Fulkerson, are barred by *Rooker-Feldman*, which "prohibits a federal district court from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment." *Kougasian*, 359 F.3d at 1139. A de facto appeal has occurred "when the federal plaintiff both asserts as her injury legal error or errors by the state court and seeks as her remedy relief from the state court judgment." *Id.* at 1140. Ismail alleged a de facto appeal by asserting as her injury allegedly erroneous rulings by the juvenile court and seeking relief from both that court's termination of her parental rights and the state appellate court decisions that upheld the termination.

Once the court has found a de facto appeal, it must identify and decline to exercise jurisdiction over any issues that are "inextricably intertwined" with that appeal. *Feldman*, 460 U.S. at 482 n.16. The fraud claims against the social workers are inextricably intertwined with the state court rulings that Ismail has de facto appealed because those rulings relied in part on the social workers' reports and testimony. *See Doe & Assocs. Law Offices v. Napolitano*, 252 F.3d 1026, 1030 (9th Cir. 2001) (holding that issues presented in a federal claim are

4

inextricably intertwined with a state court judgment if the district court could not rule in favor of the plaintiff "without holding that the state court had erred").

Ismail is correct that "*Rooker–Feldman* does not bar a federal plaintiff from asserting as a legal wrong" extrinsic fraud on the state court, *i.e.*, asserting "that an adverse party engaged in 'conduct which prevent[ed] [him] from presenting his claim in court.'" *Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 859 (9th Cir. 2008) (second alteration added) (quoting *Kougasian*, 359 F.3d at 1140). This rule does not apply to Ismail's case, however, because claims of fraud that "*already have been litigated in . . . state court*" are barred. *Id.* Ismail does not allege that she was prevented from raising the issue of fraud in state court. Instead, she alleges that she presented her fraud claims to the juvenile court, but that the juvenile court rejected them.

**2.** Ismail argues that the district court erred in concluding that her challenge to California's statute governing parental rights, which she contends was a facial challenge, is barred by *Rooker-Feldman*. It is true that the *Rooker–Feldman* doctrine does not "prohibit a plaintiff from presenting a generally applicable legal challenge to a state statute in federal court, even if that statute has previously been applied against him in state court litigation." *Mothershed v. Justices of Supreme Court*, 410 F.3d 602, 606 (9th Cir. 2005). Nevertheless, the

5

challenge was properly dismissed because Ismail lacks standing to bring it. To have standing to seek "declaratory relief, a plaintiff must show that he has suffered or is threatened with a 'concrete and particularized' legal harm, coupled with 'a sufficient likelihood that he will again be wronged in a similar way.'" *Canatella v. California*, 304 F.3d 843, 852 (9th Cir. 2002) (first quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992); then quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983)). A plaintiff must also "show that the feared harm is 'actual or imminent.'" *Id.* (quoting *Lujan*, 504 U.S. at 560). Ismail's allegations do not show that the challenged statute is likely to cause her imminent harm; even if she is now the parent of another child, her complaint alleges no facts showing that her parental rights to that child are in danger of being terminated.

3. The district court properly dismissed Ismail's § 1983 claim against Orange County at the same time that it dismissed the claims against the Orange County social workers. For a § 1983 suit to lie against a municipality, an underlying deprivation is required. *See Simmons v. Navajo Cty.*, 609 F.3d 1011, 1021 (9th Cir. 2010). Here, the underlying deprivation was that allegedly worked by the social workers, which the lower court dismissed under *Rooker-Feldman*.

4. The district court did not err when it dismissed the claims against the Fords without considering whether their conduct met the state compulsion test for

6

state action. Ismail never argued to the district court that the Fords met that test. For us to require the district court to develop an argument regarding the extent of the state's coercion and encouragement of the Fords would improperly require the district court to "becom[e] a player in the adversary process rather than remaining its referee." *Jacobsen v. Filler*, 790 F.2d 1362, 1366 (9th Cir. 1986); *Bias v. Moynihan*, 508 F.3d 1212, 1219 (9th Cir. 2007) ("A district court lacks the power to act as a party's lawyer, even for *pro se* litigants.").

5. The district court properly concluded that social worker Julie Fulkerson is entitled to qualified immunity on Ismail's claim that her constitutional privacy rights were violated. Qualified immunity shields "government officials . . . from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). A reasonable social worker would not have understood that it would be a violation of Ismail's rights to send Ismail's psychological evaluation to a detective in response to his formal request, which was accompanied by an order from the Orange County Superior Court, after seeking advice from the County Counsel.

6. Ismail argues that she should have been afforded leave to amend her fraud-based claims against the social workers and the Fords. We disagree. A *pro*

7

*se* complaint may be dismissed with prejudice when "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)).

Even assuming that a *Rooker-Feldman* defect may be cured by amendment, amendment of the fraud-based claims against the social workers here would be futile. As noted, Ismail's complaint alleges that the issue of the social workers' alleged fraud was raised and rejected in the juvenile court. At oral argument, Ismail was unable to articulate any additional facts that she could allege to show that the issue of whether the social workers defrauded the state court is not precluded because it has already been litigated and decided by the state juvenile court. *See Lucido v. Superior Court*, 795 P.2d 1223, 1225 (Cal. 1990) (in bank) (collateral estoppel precludes the relitigation of issues that were "actually litigated" and "necessarily decided" in a prior proceeding).

Amendment as to the Fords would also be futile. Merely serving as a foster parent does not transform a private party into a state actor. *See United States v. Peneaux*, 432 F.3d 882, 896 (8th Cir. 2005) ("[F]oster parents are generally not considered agents of the state."); *Leshko v. Servis*, 423 F.3d 337, 347 (3d Cir. 2005) (holding that foster parents are not state actors under § 1983); *Rayburn ex*

8

*rel. Rayburn v. Hogue*, 241 F.3d 1341, 1348 (11th Cir. 2001) (same); *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 392 (4th Cir. 1990) ("[H]arm suffered by a child at the hands of his foster parents is not harm inflicted by state agents.").

•  ●  •

For the foregoing reasons, the judgment of the district court is **AFFIRMED.**[2]

---

[2] The briefing order requiring the Fords to file an answering brief, entered on January 3, 2017, is vacated, and the Fords' request for appointment of counsel is denied as moot.

FILED

MAY 19 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FRIEDLAND, Judge, dissenting in part:

I agree with nearly all of the majority's analysis. The majority concludes, however, that denying leave to amend Ismail's pro se complaint and dismissing it with prejudice was proper because amendment would have been futile. Because I do not think that it is "absolutely clear" that amendment would be futile, I disagree and would remand with instructions to allow Ismail to amend her complaint. *See Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) (quoting *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), *superseded by statute on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc)).

"The rule favoring liberality in amendments to pleadings is particularly important for the pro se litigant. Presumably unskilled in the law, the pro se litigant is far more prone to making errors in pleading than the person who benefits from the representation of counsel." *Noll*, 809 F.2d at 1448; *see also Lopez*, 203 F.3d at 1131 (quoting *Noll* approvingly). Thus, "[a] pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Karim-Panahi*, 839 F.2d at 623 (quoting *Noll*, 809 F.2d at 1448) (internal quotation marks omitted).

Here, it is not "absolutely clear" that collateral estoppel would bar Ismail's claims. Although she alleged fraud by the social workers during the dependency

1

proceedings, the record does not reveal how thoroughly these allegations were actually litigated. *See Lucido v. Superior Court*, 795 P.2d 1223, 1225 (Cal. 1990) (explaining that under California law, a claim must have been actually litigated in previous proceeding for collateral estoppel to apply). The record does indicate, however, that the juvenile court declined to hear at least some of Ismail's evidence (including the videotapes that she alleges would prove the social workers were lying) and that she did not receive some crucial information—such as the social workers' notes—until after her parental rights were terminated. In at least one similar case against the same county, the California Court of Appeal allowed fraud-based claims to proceed despite Orange County's assertion of a collateral estoppel defense. *See Fogarty-Hardwick v. County of Orange*, No. G039045, 2010 WL 2354383 (Cal. Ct. App. 2010) (unpublished). Giving Ismail the benefit of any doubt, as our precedent requires, *see Karim-Panahi*, 839 F.2d at 623, I cannot say that collateral estoppel would clearly bar an amended claim.[1]

Because Ismail was a pro se plaintiff and it was not "absolutely clear" that amendment would be futile, the district court should have given her leave to amend. I respectfully dissent from the majority's contrary conclusion.

---

[1] I find the County's futility arguments based on *Rooker-Feldman*, the statute of limitations, and *Heck v. Humphrey*, 512 U.S. 477 (1994), to be similarly unavailing.

2