Opinion
 

 DUNN, J.
 
 *
 

 —As this division previously found, emotional distress damages are recoverable in first and third party insurance bad faith cases only when the plaintiffs have suffered some financial loss.
 
 (Waters
 
 v.
 
 United Services Auto. Assn.
 
 (1996) 41 Cal.App.4th 1063, 1070 [48 Cal.Rptr.2d 910].) Here, we hold, as a matter of law, that the third party judgment creditor’s loss of use of money during the defendant insurers’ 81-day delay in paying the balance due (with interest) under a judgment fails to meet the threshold financial loss requirement to allow emotional distress damages for bad faith. We affirm the summary judgment for the defendant insurers.
 

 Factual and Procedural Background
 

 During Little League practice on April 29, 1988, appellant Thomas Jeffrey Maxwell (hereinafter Maxwell), a minor, was struck in the face by a baseball
 
 *1448
 
 bat wielded by respondent Fire Insurance Exchange’s insured, George Capiello. Maxwell filed a lawsuit alleging personal injuries and naming Capiello and the owners of the batting cage, the Grecos, who were the insureds of respondent Scottsdale Insurance Company (hereinafter Scottsdale). At trial, a judgment in the sum of $125,000 was returned in favor of Maxwell as follows: (1) Capiello and the Grecos were held jointly and severally liable for $39,560 in economic damages; (2) Capiello was held individually liable for $6,560 in general damages as a result of 8 percent comparative fault; (3) the Grecos were held liable for $51,660 in general damages as a result of 63 percent comparative fault; and costs in the sum of $9,303 were awarded. The judgment was entered on April 12, 1994. On April 14, 1994, Fire Insurance Exchange (hereinafter Fire) paid to Maxwell as partial satisfaction of the judgment the sum of $3,414.50. In May 1994, Scottsdale paid $77,772.98. The insurance companies did not pay the entire judgment, which they acknowledged they owed, because they were disputing between themselves their respective liability for costs and the effect of a $2,500 pretrial settlement appellant had negotiated with a dismissed defendant.
 

 On July 25,1994, Maxwell filed a complaint against both of the insurance companies seeking damages on causes of action for breach of contract and bad faith withholding of amounts due under the judgment. On September 2, 1994, 81 days after payment became due, the 2 insurance companies paid the balance due under the judgment including accrued interest.
 

 On January 2, 1996, Fire and Scottsdale moved the trial court for summary judgment. The court granted the motions for summary judgment on February 6, 1996, on the ground that Maxwell proffered no proof of financial loss other than an alleged delay in the payment of the judgment and the loss of use of the withheld judgment money as a result, thereby omitting the “damages” element of his causes of action for breach of contract and bad faith and raising no triable issue of fact.
 

 Standard of Review
 

 A defendant is entitled to summary judgment only if the record establishes that, as a matter of law, none of the plaintiff’s asserted causes of action can prevail.
 
 (Stationers Corp.
 
 v.
 
 Dun & Bradstreet, Inc.
 
 (1965) 62 Cal.2d 412, 417 [42 Cal.Rptr. 449, 398 P.2d 785];
 
 AARTS Productions, Inc.
 
 v.
 
 Crocker National Bank
 
 (1986) 179 Cal.App.3d 1061, 1064-1065 [225 Cal.Rptr. 203].) When a defendant demonstrates that a cause of action has no merit because one or more elements of that cause of action cannot be established, the burden shifts to the plaintiff to show with specific facts that a triable issue of one or more material facts exists as to that cause or causes
 
 *1449
 
 of action. (See Code Civ. Proc., § 437c, subd. (g)(2).)
 
 [1]
 
 On review, we determine whether there is or is not a triable issue of fact.
 
 (Union Bank
 
 v.
 
 Superior Court
 
 (1995) 31 Cal.App.4th 573, 579 [37 Cal.Rptr.2d 653];
 
 Wilson
 
 v.
 
 Blue Cross of So. California
 
 (1990) 222 Cal.App.3d 660, 670 [271 Cal.Rptr. 876].) A motion for summary judgment must be granted if the papers submitted show that there is no triable issue as to any material fact and that the moving party is entitled to judgment as a matter of law. (§ 437c, subd. (c).) We view the papers of the moving party strictly and those of the responding party liberally and resolve all doubts respecting the grant of the motion in favor of the party opposing it.
 
 (Molko
 
 v.
 
 Holy Spirit Assn.
 
 (1988) 46 Cal.3d 1092, 1107 [252 Cal.Rptr. 122, 762 P.2d 46].)
 

 Contentions
 

 Appellant contends that reversible error was committed when the trial court improperly shifted to the appellant the burden of proving in opposition to the motions for summary judgment that he suffered financial loss. Moreover, the trial court’s conclusion that the mere loss of use of the judgment money was insufficient to support any cause of action was erroneous because a denial of such a benefit is per se economic loss sufficient to allow recovery of damages for emotional distress.
 

 Respondents assert in reply that appellant suffered no financial loss, and therefore, was not able in the trial court to, and cannot now, state a cause of action for “bad faith.” They assert that California law clearly provides that in the absence of economic loss no tort cause of action for “bad faith” exists. Alternatively, they argue that as a matter of law, a judgment creditor does not have a tort cause of action against a liability insurer for a “bad faith” delay in fully satisfying a judgment.
 

 Discussion
 

 Appellant’s contentions with respect to the breach of contract cause of action require no discussion. It is not disputed that all sums due under the judgment, including interest, have been paid in full and appellant does not assert any damages other than emotional distress. It is axiomatic that such damages are not recoverable on a theory of breach of contract. We turn, therefore, to appellant’s contentions of damages with respect to his bad faith theory.
 

 At the summary judgment hearing, respondents presented evidence seeking to establish that no economic loss was suffered by appellant. Appellant
 
 *1450
 
 presented no evidence other than his assertion that deprivation of the judgment was per se economic loss. The trial court thereupon made a finding that all of the evidence presented to the court was insufficient to raise a triable issue of fact, in that it did not establish and prove that appellant had suffered any financial loss. The motion for summary judgment was thereafter granted. We are not bound by the trial court’s reasons for its judgment and we are required to, and do, consider de novo all of the papers submitted as we review the ruling.
 
 (Barnett
 
 v.
 
 Delta Lines, Inc.
 
 (1982) 137 Cal.App.3d 674, 682 [187 Cal.Rptr. 219].)
 

 We have examined the documents in the record which include the following: the complaint; excerpts from appellant’s deposition and his declaration; demands for inspection and responses; the separate statements of undisputed material facts and oppositions thereto; opposition and reply to the motions for summary judgment; special interrogatories and the response thereto; and receipt and purchase agreement for an Acura automobile. We note, moreover, that there is no dispute that sworn testimony establishes that appellant’s credit was not damaged from the delay in payment and that appellant’s attorney’s fees and costs were contingent. As the trial court noted, no evidence was produced by the appellant to establish economic loss other than his argument that a delay in payment of the sum due from the judgment and its “loss of use” was per se an economic loss which he suffered.
 

 Appellant’s position that the 81-day withholding of the funds due on the judgment was per se economic loss and his reliance upon
 
 Sprague
 
 v.
 
 Equifax, Inc.
 
 (1985) 166 Cal.App.3d 1012, 1031 [213 Cal.Rptr. 69] as authority are misplaced. We hold that the emotional distress damages which appellant seeks are not recoverable in a bad faith action arising out of a third party claim absent a showing that appellant has suffered an economic loss. Moreover, a delay in paying policy benefits, even if in an unreasonable manner, does not in itself establish economic loss to the plaintiff.
 

 Appellant relies upon
 
 Sprague
 
 v.
 
 Equifax, Inc., supra,
 
 166 Cal.App.3d 1012 for his assertion that a withholding of the money due on the judgment was per se economic loss. This reliance is not warranted.
 
 Sprague
 
 is a case in which the plaintiff was awarded damages on a conspiracy theory, not a bad faith theory as in this case. In addition, it was conceded on appeal that the plaintiff was entitled to a portion of the emotional distress damages. Moreover, the court stated at page 1031: “Within the guidelines set forth in
 
 Crisci
 
 [v.
 
 Security Ins. Co.
 
 (1967) 66 Cal.2d 425 [58 Cal.Rptr. 13, 426 P.2d 173]] and
 
 Gruenberg
 
 [v.
 
 Aetna Ins. Co.
 
 (1973) 9 Cal.3d 566 [108 Cal.Rptr. 480, 510 P.2d 1032]], plaintiff was entitled to recover for his continuing mental suffering. The threshold requirement of economic loss was satisfied
 
 *1451
 
 when appellants initially participated in fraudulently terminating his benefits.” Thus, it is clear that
 
 Sprague
 
 does not stand for the principle that in a bad faith action, emotional distress damages are recoverable without some proof of economic loss; indeed, it likewise does not stand for the principle that in a bad faith case a withholding of money is in and of itself proof of economic loss.
 

 As is explained in
 
 Waters
 
 v.
 
 United Services Auto. Assn., supra,
 
 41 Cal.App.4th 1063, the award of damages in bad faith cases for personal injury, including emotional distress, is incidental to the award of economic damages. This is so because bad faith actions seek recovery of a property interest, not personal injury.
 
 (Id.
 
 at pp. 1070-1074;
 
 Gourley
 
 v.
 
 State Farm Mut. Auto. Ins. Co.
 
 (1991) 53 Cal.3d 121, 123 [279 Cal.Rptr. 307, 806 P.2d 1342];
 
 Crisci
 
 v.
 
 Security Ins. Co.
 
 (1967) 66 Cal.2d 425, 433-434 [58 Cal.Rptr. 13, 426 P.2d 173].) Our Supreme Court in the case of
 
 Gruenberg
 
 v.
 
 Aetna Ins. Co.
 
 (1973) 9 Cal.3d 566, 579 [108 Cal.Rptr. 480, 510 P.2d 1032], explained the rationale underlying the rule. By making a claim such as appellant’s actionable only upon the condition that the claimant has suffered substantial damages apart from those due to mental stress, the danger of fictitious or frivolous claims is reduced.
 

 The
 
 Waters
 
 case is here applicable. Appellants Waterses sued their insurer for bad faith for its failure to fully compensate them for damages as a result of a fire in their home in December of 1990. They were not fully paid until August 1991.
 
 (Waters
 
 v.
 
 United Services Auto. Assn., supra,
 
 41 Cal.App.4th at pp. 1066-1068.) The jury award of $1,375,000 for the two appellants for emotional distress was reversed on appeal because the Waterses failed to prove that they suffered any financial loss as a result of delayed payment of policy benefits. They could not state a cause of action notwithstanding that the insurance company was found to have acted in bad faith.
 
 (Id.
 
 at p. 1081.)
 

 Appellants have alerted us to several other authorities which we do not specifically address for the reason that there is a plethora of authority in support of the concept of economic loss as a condition precedent to the recovery of emotional distress damages in a bad faith case. (See
 
 Waters
 
 v.
 
 United Services Auto. Assn., supra,
 
 41 Cal.App.4th at pp. 1069-1081.)
 

 In any event, the gravamen of appellant’s argument is that he did in fact suffer an economic loss when his judgment was not promptly paid, hence he should be permitted to take his case to the jury. For this proposition, appellant points us to
 
 Continental Ins. Co.
 
 v.
 
 Superior Court
 
 (1995) 37 Cal.App.4th 69 [43 Cal.Rptr.2d 374]. In that case, three directors of Winn Enterprises who were insureds under a liability policy of insurance sued on
 
 *1452
 
 a bad faith theory, alleging that the insurer had unreasonably failed to defend or indemnify them in a timely manner which caused them economic loss and emotional distress. The insurer sought summary judgment on several grounds including that if the insureds could not show any economic loss then no cause of action for bad faith could be stated. The trial court denied the summary judgment motion. The insurer sought writ relief. The appellate court held that there were triable issues which precluded a summary judgment including the need to determine if the insureds did, indeed, suffer any economic loss. If they did not, the court explained, they would not have a cause of action for bad faith. The reason is that if there was no economic loss there could be no invasion of their property rights to which any emotional distress damages and punitive damages could be incidentally attached. In sum appellant herein makes the same argument that was rejected in
 
 Continental. (Id.
 
 at pp. 85-86.)
 

 To the extent that
 
 Hand
 
 v.
 
 Farmers Ins. Exchange
 
 (1994) 23 Cal.App.4th 1847 [29 Cal.Rptr.2d 258] could be deemed inconsistent with the principles we have enunciated we decline to follow it.
 

 Because damages for emotional distress are compensable as incidental damages flowing from the breach of a property interest, not as a separate cause of action, and because the threshold requirement of economic loss was not met by appellant under the burden-shifting procedure of section 437c, subdivision (o)(2), summary judgment was properly granted.
 

 Disposition
 

 The summary judgment is affirmed.
 

 Spencer, P. J., and Ortega, J., concurred.
 

 Appellant’s petition for review by the Supreme Court was denied April 15, 1998.
 

 *
 

 Judge of the Municipal Court for the Long Beach Juducial District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.
 

 [1]
 

 All further statutory references are to the Code of Civil Procedure.