**Suresh LODHA, M.D., Plaintiff–Appellant,**

v.

**PAUL REVERE LIFE INSURANCE COMPANY; Provident Companies, Inc., Defendants—Appellees,**

**No. 99–56896.**

**D.C. No. CV–98–05178–WJR.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 18, 2001.

Decided May 1, 2001.

Before PREGERSON, FERNANDEZ, and GRABER, Circuit Judges.

### MEMORANDUM *

Suresh Lodha, M.D., appeals the district court's grant of summary judgment in favor of Paul Revere Life Insurance Co. and Provident Companies, Inc. (collectively "Revere") in his diversity action alleging that Revere improperly withheld benefit payments on his non-cancelable individual disability insurance policy. We affirm.

(1) Lodha cannot prevail on his breach of contract claim because he has not shown any contractual damages. *See Maxwell v. Fire Ins. Exch.,* 60 Cal.App.4th 1446, 1449, 70 Cal.Rptr.2d 866, 868 (1998); *see also Reichert v. Gen. Ins. Co. of Am.,* 68 Cal.2d 822, 830, 442 P.2d 377, 381, 69 Cal.Rptr. 321, 325 (1968). It is undisputed that Lodha has been paid for all periods of disability, including those for which he did not submit proof of loss forms.

(2) The district court did not err when it determined that Lodha could not prevail on his breach of the covenant of good faith claim. It is clear that there were genuine issues with respect to whether Revere's temporary suspension of benefits was justified and whether Lodha was totally or residually disabled. The district court properly ruled as a matter of law that the insurer's temporary denial of the claim was not in bad faith because a genuine issue of fact with respect to the insurer's liability then existed. *See Lunsford v. Am. Guar. & Liab. Ins. Co.,* 18 F.3d 653,

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

656 (9th Cir.1994); *see also Franceschi v. Am. Motorists Ins. Co.*, 852 F.2d 1217, 1220 (9th Cir.1988). The same is true on the question of total versus residual disability because a genuine issue of fact also existed on that issue.

Moreover, the district court properly concluded that as a matter of law Revere conducted a reasonable investigation. *See West v. State Farm Fire & Cas. Co.*, 868 F.2d 348, 351 (9th Cir.1989). There is no evidence that Revere acted consciously and deliberately to "frustrate[ ] the agreed common purposes and [to] disappoint[ ] the reasonable expectations of [Lodha] thereby depriving [him] of the benefits of the agreement." *Careau & Co. v. Sec. Pac. Bus. Credit, Inc.*, 222 Cal.App.3d 1371, 1395, 272 Cal.Rptr. 387, 400 (1990). On the contrary, the evidence demonstrates beyond peradventure that Revere attempted to determine whether Lodha was totally or residually disabled, which did not, in any event, affect the amount of his monthly payment.

■ (3) Finally, summary judgment was appropriate on the intentional infliction of emotional distress claim because there is no evidence that Revere's conduct was outrageous. *See Fletcher v. W. Nat'l Life Ins. Co.*, 10 Cal.App.3d 376, 394, 89 Cal.Rptr. 78, 88 (1970). Also, Revere was privileged to communicate its position to Lodha in good faith. *Id.* at 395, 89 Cal. Rptr. at 89.[1]

AFFIRMED.

---

1. Punitive damages are unavailable for either the breach of the covenant of good faith claim or the intentional infliction of emotional distress claim because Revere did not act in bad faith or outrageously. *See Tibbs v. Great Am. Ins. Co.*, 755 F.2d 1370, 1375 (9th Cir.1985) (stating that punitive damages are unavailable where there is no breach of the covenant of good faith and fair dealing).

