**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

BREWSTER KAHLE; INTERNET
ARCHIVE; RICHARD PRELINGER;
PRELINGER ASSOCIATES, INC.,
             *Plaintiffs-Appellants,*

             v.

ALBERTO R. GONZALES, Attorney
General, in his official capacity as
Attorney General of the United
States,

             *Defendant-Appellee.*

No. 04-17434

D.C. No.
CV-04-01127-MMC

ORDER AND
AMENDED
OPINION

Appeal from the United States District Court
for the Northern District of California
Maxine M. Chesney, District Judge, Presiding

Argued and Submitted
November 13, 2006—San Francisco, California

Filed May 14, 2007

Before: Mary M. Schroeder, Chief Circuit Judge,
Jerome Farris and Johnnie B. Rawlinson, Circuit Judges.

Opinion by Judge Farris

# COUNSEL

Jennifer Stisa Granick, Lawrence Lessig, and Christopher Sprigman, Center for Internet and Society, Stanford, California, for the plaintiffs-appellants.

John S. Koppel, Department of Justice, Washington, D.C., for the defendant-appellee.

## ORDER

The opinion filed on January 22, 2007, Slip op. at 889, is withdrawn and an amended opinion is filed simultaneously with this order.

Chief Judge Schroeder and Judge Rawlinson have voted to deny the petition for rehearing en banc. Judge Farris so recommends.

The full court has been advised of the petition for rehearing en banc and no judge of the court has requested a vote on it.

The petition for rehearing en banc is DENIED. No further petitions for rehearing or for rehearing en banc may be filed.

---

## OPINION

FARRIS, Senior Circuit Judge:

Plaintiffs appeal from the district court's dismissal of their complaint. They allege that the change from an "opt-in" to an "opt-out" copyright system altered a traditional contour of copyright and therefore requires First Amendment review under *Eldred v. Ashcroft*, 537 U.S. 186, 221 (2003). They also allege that the current copyright term violates the Copyright Clause's "limited Times" prescription.

Arguments similar to Plaintiffs' were presented to the Supreme Court in *Eldred*, which affirmed the constitutionality of the Copyright Term Extension Act against those attacks. The Supreme Court has already effectively addressed and denied Plaintiffs' arguments. We AFFIRM.

In March 2004, Plaintiffs Brewster Kahle, Internet Archive, Richard Prelinger, and Prelinger Associates, Inc. filed an

amended complaint seeking declaratory judgment and injunctive relief. Brewster Kahle and Internet Archive have built an "Internet library" that offers free access to digitized audio, books, films, websites, and software. Richard Prelinger and Prelinger Associates make digital versions of "ephemeral" films available for free on the internet. Each Plaintiff provides, or intends to provide, access to works that allegedly have little or no commercial value but remain under copyright protection. The difficulty and expense of obtaining permission to place those works on the Internet is overwhelming; ownership of these "orphan" works is often difficult, and sometimes impossible, to ascertain.

Prior to 1978, the number of orphaned works was limited by the renewal requirement. Renewal served as a filter that passed certain works — mostly those without commercial value — into the public domain. Along with formalities such as registration and notice (which have also been effectively eliminated), renewal requirements created an "opt-in" system of copyright in which protections were only available to those who affirmatively acted to secure them. The majority of creative works were thus never copyrighted and only a small percentage were protected for the maximum term.

The Copyright Renewal Act of 1992, Pub. L. No. 102-307, 106 Stat. 264 (1992), and the Sonny Bono Copyright Term Extension Act, Pub. L. No. 105-298, 112 Stat. 2827 (1998), altered the system to one Plaintiffs characterize as "opt-out." Among other effects, the CRA eliminated the renewal requirements for works created between 1964 and 1977 and thus extended their term; the CTEA effected a further extension. Plaintiffs confine their First Amendment challenge to the extensions granted to those works.

Eliminating the renewal requirement dramatically increased the average copyright term and correspondingly decreased the number of works currently entering the public domain. The change is most noticeable for works that have little commer-

cial value and thus, under an opt-in system, provide little incentive for their creators to renew the copyright. Plaintiffs characterize this change as altering the "traditional contours of copyright" and therefore requiring First Amendment review under *Eldred*.

Plaintiffs also argue that they should be allowed to present evidence that the present copyright term violates the Copyright Clause's "limited Times"[1] prescription as the Framers would have understood it. That claim was not directly at issue in *Eldred*, though Justice Breyer discussed it extensively in his dissent. *See Eldred*, 537 U.S. at 243. Plaintiffs assert all existing copyrights are effectively perpetual.

Although the Supreme Court recently addressed similar issues in *Eldred*, Plaintiffs argue that their specific claims were not answered — or if they were, only in dicta. They place particular emphasis on the increased possibilities for archiving and disseminating expressive content over the Internet and the detrimental impact the change from an opt-in to an opt-out system has on those efforts. Plaintiffs articulate policy reasons behind their position; they do not, however, provide a legal argument explaining why we should ignore the clear holding of *Eldred*.

I

Dismissals under Fed. R. Civ. P. 12(b)(6) for failure to state a claim are reviewed de novo. *Decker v. Advantage Fund, Ltd.*, 362 F.3d 593, 595-96 (9th Cir. 2004). Complaints are only "dismissed for failure to state a claim [if] it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Con-*

---

[1]The Copyright Clause grants Congress the power "To promote the Progress of Science and useful Arts, by securing for limited Times to Authors and Inventors the exclusive Right to their respective Writings and Discoveries." U.S. CONST. art. I, § 8, cl. 8.

*ley v. Gibson*, 355 U.S. 41, 45-46 (1957). The court accepts the complaint's well pleaded allegations of fact and construes them in the plaintiff's favor. *Zimmerman v. City of Oakland*, 255 F.3d 734, 737 (9th Cir. 2001).

Plaintiffs assert that the change from discretionary to automatic renewal and subsequent extension of copyrights for works created between 1964 and 1977 altered the "traditional contours of copyright protection." Under *Eldred*, that may trigger First Amendment review. 537 U.S. at 221. However, *Eldred* also upheld the CTEA, in effect answering Plaintiffs' challenge.

[1] *Eldred* addressed whether extending existing copyrights was constitutionally permissible. The Court observed that when Congress passed the CTEA, it "placed existing and future copyrights in parity. In prescribing that alignment, we hold, Congress acted within its authority and did not transgress constitutional limitations." *Id.* at 194. Thus, extending existing copyrights to achieve parity with future copyrights does not require further First Amendment scrutiny. Instead, traditional First Amendment safeguards such as fair use and the idea/expression dichotomy are sufficient to vindicate the speech interests affected by the CRA and the CTEA. *Id.* at 219-20.

[2] The CRA and the CTEA eliminated the renewal requirements and lengthened the term for works created between 1964 and 1977, and in doing so they placed existing copyrights in parity with those of future works. The extensions left intact "built-in First Amendment accommodations" such as the idea/expression dichotomy and fair use. *Eldred*, 537 U.S. at 219.

[3] By removing the renewal requirement, the CRA effectively extended copyright protection for works that would otherwise have fallen into the public domain. The CTEA further extended those works' protection. Congress could have

achieved the identical result by extending the term of existing copyrights before their renewal was required. *Eldred* tells us that such extensions would not violate the First Amendment. *Id.* at 221. It therefore follows that the materially indistinguishable CRA and CTEA provisions are constitutional as well. Here, as in *Eldred*, extending existing copyrights while preserving speech-protective measures does not alter the "traditional contours of copyright protection."

**[4]** Despite Plaintiffs' attempt to frame the issue in terms of the change from an opt-in to an opt-out system rather than in terms of extension, they make essentially the same argument, in different form, that the Supreme Court rejected in *Eldred*. It fails here as well.

## II

In addition to their First Amendment claim, Plaintiffs make the closely related argument that the current copyright term violates the Copyright Clause's "limited Times" prescription by creating a term that "the Framers would have considered . . . so long as to be effectively perpetual." (Pet. Br. at 48.) This second claim overlaps with the first in that the Plaintiffs' criticism of the elimination of formalities for works created between 1964 and 1977 is merely another way of saying that the copyright term is too long — put differently, "effectively perpetual."

**[5]** *Eldred* disposes of Plaintiffs' second argument, as it did their first. *Eldred* did not purport to directly address whether the phrase "limited Times" places substantive limits on copyright duration. *See Eldred*, 537 U.S. at 210 n.17 (noting that whether an average copyright duration of ninety-five years is at the outer boundaries of "limited Times" was not before the Court). Nevertheless, the Court denied Justice Breyer's assertion that the term enacted by the CTEA was constitutionally impermissible, observing that "[i]t is doubtful . . . that those architects of our Nation, in framing the 'limited

Times' prescription, thought in terms of the calculator rather than the calendar." *Eldred*, 537 U.S. at 210 n.16. Plaintiffs seize on that phrase as evidence that the Court misunderstood the Framers' intent behind the phrase "limited Times." The Court's phrasing in *Eldred* sacrificed clarity for pithiness: the calculator and the calendar are merely different ways of measuring economic benefit to authors.

[6] However, the Supreme Court clearly grasped the role "limited Times" play in the copyright scheme and the Framers' understanding of that phrase. In contrast to Plaintiffs, the Court has long defined "limited Times" by a balancing rather than an absolute test. *See Eldred*, 537 U.S. at 205-08; *Sony Corp. of America v. Universal City Studios, Inc.*, 464 U.S. 417, 429 (1984); *Twentieth Century Music Corp. v. Aiken*, 422 U.S. 151, 156 (1975) (noting that the "limited copyright duration required by the Constitution" serves to encourage authors while eventually bringing their works within the public domain).

[7] Put differently, the outer boundary of "limited Times" is determined by weighing the impetus provided to authors by longer terms against the benefit provided to the public by shorter terms. That weighing is left to Congress, subject to rationality review. *See Eldred*, 537 U.S. at 206-07 ("Congress passed the CTEA in light of demographic, economic, and technological changes, and rationally credited projections that longer terms would encourage copyright holders to invest in the restoration and public distribution of their works." (internal citations omitted)). The Court was cognizant of the meaning of "limited Times" when assessing the current copyright term; it simply reached a different conclusion than that desired by Plaintiffs. Future extensions may or may not survive review, but the current term is constitutional. Plaintiffs' claim was properly dismissed.

Both of Plaintiffs' main claims attempt to tangentially re-litigate *Eldred*. However, they provide no compelling reason

why we should depart from a recent Supreme Court decision.

AFFIRMED.