**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EMANUEL McCRAY, | No. 10-55936 |
| Plaintiff - Appellant, | D.C. No. 3:09-cv-00692-JAH-POR |
| v. | |
| ACE PARKING MANAGEMENT, INC., | MEMORANDUM* |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Southern District of California
John A. Houston, District Judge, Presiding

Submitted September 27, 2011**

Before: SILVERMAN, W. FLETCHER, and MURGUIA, Circuit Judges.

Emanuel McCray appeals pro se from the district court's judgment

dismissing his wage-and-hour action alleging that his employer failed to pay him

wages for time spent in training and "on call" in violation of the Fair Labor

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument and therefore denies McCray's request. *See* Fed. R. App. P. 34(a)(2).

Standards Act ("FLSA") and state law. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Kahle v. Gonzales*, 487 F.3d 697, 699 (9th Cir. 2007) (dismissal for failure to state a claim); *Orsay v. U.S. Dep't of Justice*, 289 F.3d 1125, 1128 (9th Cir. 2002) (dismissal for lack of subject matter jurisdiction). We may affirm on any ground supported by the record. *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008). We affirm in part, vacate in part, and remand.

Dismissal of McCray's FLSA claims was proper because McCray failed to state a claim. "Waiting" or "on-call" time is compensable only if an employee is "engaged to wait," and McCray alleged facts showing that, at best, he "waited to be engaged." *Brigham v. Eugene Water & Elec. Bd.*, 357 F.3d 931, 935-36 (9th Cir. 2004); *see also* 29 C.F.R. §§ 785.14, 785.17 (explaining determination of whether "waiting" and "on-call" time constitute "hours worked" under the FLSA). McCray also alleged facts showing that defendant already gave him all relief available for its alleged failure to pay him for time spent in training. *See* 29 U.S.C. § 216(b) (employees may recover the amount of their unpaid minimum wages and an additional equal amount in liquidated damages for a violation of the FLSA's minimum wage provision). Accordingly, we vacate the judgment and remand to the district court to dismiss McCray's FLSA claims with prejudice, and determine whether to exercise supplemental jurisdiction over McCray's state law claims.

The district court did not abuse its discretion in denying McCray's motion for sanctions because the court reasonably concluded that defendants' motion to dismiss had merit. *See Winterrowd v. Am. Gen. Annuity Ins. Co.*, 556 F.3d 815, 819 (9th Cir. 2009) (setting forth the standard of review).

The district court did not abuse its discretion in denying McCray's motions for reconsideration because McCray set forth no basis for reconsideration. *See Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for reconsideration).

McCray's appeal of the orders granting defendant's motions for a temporary restraining order and a preliminary injunction is moot. *See Serv. Emps. Int'l Union v. Nat'l Union of Healthcare Workers*, 598 F.3d 1061, 1068 (9th Cir. 2010) (an appeal from a temporary restraining order is rendered moot by the issuance of a preliminary injunction that entirely supercedes it); *U.S. Philips Corp. v. KBC Bank N.V.*, 590 F.3d 1091, 1093 (9th Cir. 2010) ("A preliminary injunction . . . dissolves *ipso facto* when a final judgment is entered in the cause.").

McCray's remaining contentions are unpersuasive.

McCray's request for sanctions is denied.

The parties shall bear their own costs on appeal.

**AFFIRMED in part, VACATED in part, and REMANDED.**