FILED

DEC 21 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| S. EMANUEL LIN, | No. 11-55737 |
| Plaintiff - Appellant, | D.C. No. 2:09-cv-07993-VBF-DTB |
| v. | |
| CHICAGO TITLE INSURANCE COMPANY, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Valerie Baker Fairbank, District Judge, Presiding

Submitted December 19, 2012[**]

Before:    GOODWIN, WALLACE, and FISHER, Circuit Judges.

S. Emanuel Lin appeals pro se from the district court's judgment in his

diversity action alleging claims based on defendant's failure to discover and

disclose an easement on Lin's property when issuing him title insurance. We have

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291. We review de novo. *Torres v. City of Los Angeles*, 548 F.3d 1197, 1205 (9th Cir. 2008) (judgment as a matter of law); *Fairbanks N. Star Borough v. U.S. Army Corps of Eng'rs*, 543 F.3d 586, 591 (9th Cir. 2008) (judgment on the pleadings); *Kahle v. Gonzales*, 487 F.3d 697, 699 (9th Cir. 2007) (dismissal under Fed. R. Civ. P. 12). We affirm.

The district court properly dismissed Lin's negligence claims because California law precludes negligence claims based on a title insurer's failure to disclose an encumbrance. *See Southland Title Corp. v. Superior Court*, 282 Cal. Rptr. 425, 429 (Ct. App. 1991) (explaining the limited grounds for a negligence claim against a title insurer and that "[a] title insurance policy is '. . . a contract to indemnify against loss caused by defects in the title or encumbrances on the title. It is not a representation that the title is in any particular condition.'" (citation omitted)).

The district court properly dismissed Lin's fraud claim because Lin did not sufficiently plead misrepresentation. *See* Fed. R. Civ. P. 9(b) ("[A] party must state with particularity the circumstances constituting fraud . . . ."); *Lazar v. Superior Court*, 909 P.2d 981, 984 (Cal. 1996) (stating elements of fraud).

The district court properly granted judgment on the pleadings on Lin's California Insurance Code claims because neither section relied upon contains a

private right of action.  *See* Cal. Ins. Code § 395; *Moradi-Shalal v. Fireman's Fund Ins. Cos.*, 758 P.2d 58, 61-62, 69 (Cal. 1988) (California Insurance Code section 790.03(h) has no private right of action).

Lastly, the district court properly granted judgment as a matter of law on Lin's bad faith claim because Lin did not present sufficient evidence of unreasonable delay in payment or of damages.  *See Chateau Chamberay Homeowners Ass'n v. Assoc. Int'l Ins. Co.*, 108 Cal. Rptr. 2d 776, 784 (Ct. App. 2001) (test for bad faith is whether alleged delay in paying policy benefits was unreasonable and delay based on a legitimate dispute is not bad faith); *see also* Cal. Civ. Code § 3294(a) (requiring clear and convincing evidence of fraud for exemplary damages in action for breach of an obligation); *Maxwell v. Fire Ins. Exch.*,  70 Cal. Rptr. 2d 866, 868-69 (Ct. App. 1998) ("[T]he award of damages in bad faith cases for personal injury, including emotional distress, is incidental to the award of economic damages.").

Lin's contentions concerning fraud upon the court and the district court's exclusion of evidence are rejected.

**AFFIRMED.**