No. 03–0014.

United States Court of Appeals, Second Circuit.

March 29, 2004.

**Anthony G. GILL, Plaintiff–Appellant,**

v.

**B. TUTTLE, Correctional Officer Auburn Corr. Facility; M. Ramsey, Correctional Officer Auburn Corr. Facility; Sgt. Letourneau, Sgt. Auburn Corr. Facility; Gummerson C., Captain Auburn Corr. Facility; R. Nelson, Dep. Supt. Programs Auburn Corr. Facility; Edward Dann, Dpt. Supt. Security Auburn Corr. Facility; G. Greene, 1st Dep. Supt. Auburn Corr. Facility; J. Carbonaro, Correctional Officer Auburn Corr. Facility; Gregory E. Smith, Correctional Officer Auburn Corr. Facility aka G. Gregory; E. Frank, Correctional Officer Auburn Corr. Facility; C. Letourneau, Correctional Officer Auburn Corr. Facility; Hans Walker, Supt. Auburn Corr. Facility all in their Individual Capacities; Lt. Ashby, Lieutenant Auburn Corr. Facility, Defendants–Appellees.**

Anthony G. Gill, Romulus, NY, for Appellant, pro se.

Evelyn M. Tenenbaum, Assistant Solicitor General of the State of New York (Eliot Spitzer, Attorney General, Nancy A. Spiegel, Senior Assistant Solicitor General, and Martin A. Hotvet, Assistant Solicitor General), Albany, NY, for Appellees, of counsel.

PRESENT: SACK, SOTOMAYOR, and RAGGI, Circuit Judges.

### SUMMARY ORDER

Anthony Gill appeals from the district court's order granting summary judgment to the defendants on all fourteen causes of action in his 42 U.S.C. § 1983 action.

We review orders granting summary judgment *de novo*, drawing all factual inferences in favor of the nonmoving party to determine whether the district court properly concluded that there was no genuine issue of material fact and that the moving party was entitled to summary judgment as a matter of law. *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir.), *cert. denied,* —— U.S. ——, 124 S.Ct. 153, 157 L.Ed.2d 44 (2003).

The district court properly granted summary judgment with respect to all of Gill's state-law claims, because New York Correction Law § 24 bars federal suit on state-law claims against officers in their individual or personal capacities. *See Baker v. Coughlin,* 77 F.3d 12, 14–15 (2d Cir. 1996).

With respect to the Free Exercise aspects of Gill's first, second, fourth, ninth, tenth, and thirteenth causes of action against defendants-appellees M. Ramsey, Sergeant Letourneau, B. Tuttle, J. Carbonaro, Gregory Smith, and E. Frank, respectively, the district court properly granted summary judgment on the ground of qualified immunity. Government officials are shielded from civil liability under 42 U.S.C. § 1983 by the doctrine of qualified immunity so long as their conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). To be "clearly established," "the contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton,* 483 U.S. 635, 640, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987). Gill cannot demonstrate that the challenged practices unconstitutionally burdened his exercise of his religious beliefs in violation of the Free Exercise Clause. *See McEachin v. McGuinnis,* 357 F.3d 197, 203 & n. 6 (2d Cir.2004). Gill claims that Sergeant Letourneau, Carbonaro, Smith, and Frank each deprived him of his right to attend one religious service, and Ramsey deprived him of access to two religious services. (Gill offered no evidence suggesting the existence of any conspiracy or common plan among these six defendants.) A reasonable officer would not have been aware that the denial of an inmate's access to one or even two religious services would constitute an infringement of the inmate's Free Exercise right. Therefore, the district court's grant of summary judgment was appropriate with respect to the Free Exercise aspects of the first, second, fourth, ninth, tenth, and thirteenth causes of action.

With respect to the Free Exercise aspects of Gill's fifth, sixth, seventh, and eighth causes of action against defendants-appellees Lieutenant Ashby, Edward Dann, R. Nelson, and G. Greene, respectively, the district court's grant of summary judgment was appropriate because Gill does not allege that any of these defendants were personally involved in the violations of his rights. "[P]ersonal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Wright v. Smith,* 21 F.3d 496, 501 (2d Cir.1994) (internal quotation marks omitted). Gill does not dispute the defendants' statements that Ashby, Greene, and Nelson merely communicated to him a policy whereby Monday night Jehovah's Witness gatherings were considered meetings, rather than services, and thus law library callouts superseded them. Thus, none of these defendants was personally involved in any deprivation of Gill's right to exercise his religion freely, and the district court properly granted summary judgment to them on the Free Exercise aspects of the claims against them.

The district court also properly granted summary judgment as to the Due Process aspects of Gill's fifth, sixth, eighth, and eleventh causes of action against defendants-appellees Ashby, Dann, Greene, and Walker, respectively. As to Dann and Walker, Gill does not allege that either had any personal involvement in the alleged deprivation of his due process rights. Moreover, Gill does not establish that the forty-two days he spent in keeplock as a

result of the actions of Ashby and Greene constitute an atypical, significant hardship upon his liberty interests, as required to establish a due process violation. *See Sandin v. Conner,* 515 U.S. 472, 486, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995).

The district court was also correct in granting summary judgment with respect to the Eighth Amendment aspect of Gill's fourteenth cause of action against Corrections Officer Letourneau. The Eighth Amendment does not prohibit *de minimis* uses of physical force. *See Hudson v. McMillian,* 503 U.S. 1, 9–10, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992). During incarceration, "only the unnecessary and wanton infliction of pain" constitutes an Eighth Amendment violation. *Trammell v. Keane,* 338 F.3d 155, 162 (2d Cir.2003) (internal quotation marks omitted). C.O. Letourneau's actions in spitting on Gill do not constitute such an infliction of pain, and as such do not rise above a *de minimis* use of force.

Moreover, the district court correctly granted summary judgment with respect to Gill's third cause of action against the defendant-appellee Gummerson. An inmate must exhaust all available administrative remedies before bringing a section 1983 action "with respect to prison conditions." 42 U.S.C. § 1997e(a); *see also Porter v. Nussle,* 534 U.S. 516, 532, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002). The exhaustion requirement applies regardless of whether the administrative remedies available are effective or efficient, and regardless of whether the relief sought by the plaintiff is available through administrative proceedings. *Id.* at 524, 122 S.Ct. 983. Thus, an assertion that exhaustion would be futile does not excuse failure to comply with section 1997e(a)'s requirement. *Giano v. Goord,* 250 F.3d 146, 150–51 (2d Cir.2001). Inmates in New York State are provided with a three-step griev-

ance program for resolution of grievances. Because Gill never filed any grievances with respect to Gummerson's denials of his requests to attend religious services or made any other effort to exhaust his claim against Gummerson, the district court properly dismissed this claim.

With regard to the retaliation aspects of Gill's twelfth and fourteenth causes of action against defendants-appellees Smith and C.O. Letourneau, respectively, however, the district court erred in granting summary judgment to the defendants-appellees. To establish a First Amendment retaliation claim, a plaintiff must allege both that he or she engaged in constitutionally protected conduct and that the conduct was a substantial or motivating factor in adverse actions taken by the prison officials. *Bennett v. Goord,* 343 F.3d 133, 137 (2d Cir.2003). The alleged retaliation must be more than *de minimis;* that is, it must be sufficient to deter a similarly situated person of ordinary firmness from exercising his or her rights. *Davis v. Goord,* 320 F.3d 346, 353 (2d Cir.2003). We have determined, however, that a plaintiff's response to retaliatory acts against him or her with greater than this "ordinary firmness" does not bar the plaintiff's claims. *Id.* at 353–54.

As to Smith, the district court's conclusion that nine days of keeplock constituted *de minimis* impact from the retaliation is problematic because it is evident that Smith's alleged threat to "keep filing misbehavior reports" against Gill could have ultimately resulted in significantly more time in keeplock, as well as continued denials of his requests for religious callouts. Indeed, Gill requested a religious callout on the same day as Smith's filing of the false report, and his request was denied for disciplinary reasons. Thus, the impact may actually have been substantial. The defendants point out that Gill was not deterred from exercising his right to file

**304**

grievances against Smith; in fact, he filed a grievance in response to the allegedly false disciplinary report. However, there is a genuine, material question of fact as to whether a similarly situated person of ordinary firmness would have filed such a grievance, particularly in light of the continued denial of permission to attend religious callouts. For these reasons, summary judgment is not proper as to Smith with regard to Gill's twelfth cause of action.

With respect to C.O. Letourneau, the district court's finding that there was no causal connection between another lawsuit filed by Gill against him and the December 11, 1999, incident is unsupported by the record. Indeed, given the alleged comments attributed by Gill to C.O. Letourneau in conjunction with the incident, it is difficult to imagine any cause for his actions other than the lawsuit. Given the threats of violence during this incident, there is a genuine and material question of fact as to whether a person of ordinary firmness would have continued to exercise his rights by filing a grievance against C.O. Letourneau, and the district court erred in granting summary judgment with respect to the retaliation aspects of Gill's fourteenth cause of action.

Although Gill filed grievances with respect to the alleged incidents underlying his twelfth and fourteenth causes of action, there is no evidence in the record as to the outcome of these grievances or as to any attempt by Gill to appeal any unfavorable decision. We have not yet decided whether an appeal of an unfavorable disposition of a grievance is required to meet the section 1997e(a) exhaustion requirement. However, the record does not contain sufficient information concerning the grievances filed to make a determination of this issue at this juncture.

For the foregoing reasons, the district court's judgment with respect to the retali- ation aspects of Gill's twelfth and fourteenth claims is hereby VACATED AND REMANDED to the district court for further proceedings not inconsistent with this order. On remand, the district court should permit Gill to offer evidence as to the outcomes of the grievances filed in relation to these claims, and his efforts, if any, to appeal these outcomes before reaching the separate issue of whether any such efforts to appeal were necessary to satisfy the exhaustion requirement. The remainder of the district court's judgment is hereby AFFIRMED.