Jose G. ZAVALA, Plaintiff,

v.

B. BARNIK, et al., Defendants.

Case No. EDCV 06–237 SJO (JWJ).

United States District Court,
C.D. California.

April 8, 2008.

Plaintiff in pro per, California Mens Colony, CA.

Deputy Attorney General Susan Coleman, Office of the Attorney General, San Diego, CA, for Defendants.

## ORDER ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

S. JAMES OTERO, District Judge.

Pursuant to 28 U.S.C. § 636(b)(1)(C), the Court has reviewed the instant Complaint and other papers along with the attached Report and Recommendation of the United States Magistrate Judge, and has made a *de novo* determination of the Report and Recommendation. Further, the Court has engaged in a de novo review of those portions of the Report to which Plaintiff has objected.

IT IS ORDERED that the Motion to Dismiss brought by Defendant in this action be GRANTED; and that a Judgment be issued dismissing the entire instant action with prejudice for failure to state a claim, and that plaintiff be enjoined from filing any new lawsuits in this Court without obtaining prior approval from a United States District Judge or Magistrate Judge.

IT IS FURTHER ORDERED that the Clerk shall serve forthwith a copy of this Order and the Judgment of this date on the plaintiff.

## JUDGMENT

Pursuant to the Order of the Court approving the recommendations of the United States Magistrate Judge, and adopting the same as the facts and conclusions of law herein,

IT IS ADJUDGED that Judgment be entered dismissing the entire instant action with prejudice for failure to state a claim, and that plaintiff be enjoined from filing any new lawsuits in this Court without obtaining prior approval from a United States District Judge or Magistrate Judge.

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

JEFFREY W. JOHNSON, United States Magistrate Judge.

This Report and Recommendation is submitted to the Honorable S. James Otero, United States District Judge, by United States Magistrate Judge Jeffrey W. Johnson, pursuant to 28 U.S.C. § 636 and General Order 05–07 of the United States District Court for the Central District of California. For the reasons discussed below, it is recommended that the instant action be dismissed with prejudice.

### I. BACKGROUND and PROCEDURAL HISTORY

On March 2, 2006, Defendant B. Barnik filed a "Notice of Removal of Action Brought Under 28 U.S.C. § 1441(b) (Federal Question)" ("Notice of Removal"), removing to this federal court the civil rights Complaint filed in Riverside Superior Court by Plaintiff Jose G. Zavala ("Plaintiff"), a California state prisoner incarcerated at Ironwood State Prison in Susanville, California, who is proceeding *pro se* in this action. Attached to the Notice of Removal at "Exhibit A" was a copy of the original "Complaint for Damages (Civil Rights) and Demand for Jury Trial" ("Complaint") filed by Plaintiff. The Complaint sought "damages in connection with unnecessary and unjustified discrimination, battery, and spitting on Plaintiff Jose

G. Zavala." (See Notice of Removal, Exhibit A, Complaint, 1:18–19.)

On March 30, 2006 Defendant B. Barnik *et al.* filed a "Motion to Dismiss Plaintiff's Complaint" pursuant to Federal Rules of Civil Procedure ("F.R.C.P.") Rule 12(b)(6), on the grounds that the Complaint failed to state a claim for a Fourteenth Amendment due process violation, an Eighth Amendment excessive force claim, or a tort of discrimination. On April 3, 2006, Plaintiff filed an Opposition to Defendant's Motion to Dismiss; and on April 11, 2006, Defendant filed a Reply to Plaintiff's Opposition. On April 21, 2006, Plaintiff filed a "Final Opposition to Defendant's Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss."

On March 2, 2007, Plaintiff filed a document entitled "Motion: to Direct Federal Prosecutor Under 18 U.S.C. § 242; [sic] to investigate Defendant(s) for participation in the commission of 'Hate Crime'." On March 16, 2007, this Court denied that motion.

On March 19, 2007, the District Judge issued a "Memorandum and Order Dismissing Civil Rights Complaint with Prejudice in Part and With Leave to Amend in Part" ("Memorandum and Order"). That Memorandum and Order stated, *inter alia,* that: (1) Plaintiff's claims of a Fourteenth Amendment due process violation due to "intentional unjustified and penologically unnecessary discrimination, Battery, and spitting of [sic] Plaintiff's face on January 31, 2004" were dismissed with leave to amend; (2) claims of Eighth Amendment violations for allegations that Defendant was slow to provide Plaintiff with toilet paper, and that Defendant threw a roll of toilet paper at Plaintiff's leg, and that De-

fendant spit on Defendant and screamed profanities at him, were dismissed with leave to amend; and (3) claims for torts of battery and general discrimination were dismissed with prejudice. (See Memorandum and Order, 9:13–10:17.)

On May 21, 2007, Plaintiff filed a "First Amended Complaint" attempting to cure the deficiencies identified in the original Complaint. On June 4, 2007, Defendant filed a "Motion to Dismiss First Amended Complaint." On June 6, 2007, this Court issued an "Order Dismissing First Amended Civil Rights Complaint with Leave to Amend." That Order again noted that Plaintiff's allegations that Defendant screamed profanities at Plaintiff, that Defendant was slow in providing him with toilet paper, that Defendant spit on him, and that Defendant threw a roll of toilet paper at him which struck Plaintiff in the leg, failed to state claims under the Eighth Amendment. Plaintiff was again given leave to try to amend his civil rights complaint to state claims upon which relief could be granted.

On July 19, 2007, Plaintiff filed the instant "Second Amended Complaint Civil Rights 42 U.S.C. § 1983" (hereinafter "Second Amended Complaint"). On July 30, 2007, Defendant filed a "Motion to Dismiss Second Amended Complaint," ("Motion to Dismiss"), urging dismissal pursuant to Federal Rule of Civil Procedure Rule 12(b)(6), together with a Memorandum of Points and Authorities in support of the Motion to Dismiss. On August 20, 2007, Plaintiff filed an "Opposition to: Defendant's Motion to Dismiss Second Amended Complaint"; and on August 24, 2007, Defendant filed a Reply to Plaintiff's Opposition.[1]

---

1. The Court notes that the caption of the Second Amended Complaint lists "Defendants(s)" [sic] as "B. Barnik, *et al.*" As-

sumedly, the *"et al."* designation is meant to include un-named "Doe" defendants. The Court will generally use the designation "De-

On October 10, 2007, Plaintiff filed a document entitled "Application / Request for Referral to the Pilot Prisoner Mediation Program"; and on October 22, 2007, that Application was denied.

Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint has now been fully briefed and is under submission and ready for decision.

## II. ALLEGATIONS IN SECOND AMENDED COMPLAINT

Plaintiff's Second Amended Complaint seeks damages resulting from the alleged violation of Plaintiff's civil rights by "verbal assault, physical assault, battery, and racial discrimination, ... committed with malice, and deliberate indifference." (Second Amended Complaint ["SAC"] 1.) Plaintiff alleges that the cause for "said assault(s), battery, and racial discrimination" is "Plaintiff's ethnic / racial background (alien, Latino/Hispanic, El Salvardorian)." (*Id.*) Plaintiff alleges that "[t]he acts of Verbal Assault, Physical Assault, Battery, and Racial Discrimination ... rise to the level of 'Hate Crime,' due to the expressed cause stated by the Defendant(s) being Plaintiff's ethnic/racial background." (*Id.*)

Plaintiff claims that on January 31, 2004, Defendant "B. Barnik," a correctional officer at Ironwood State Prison, violated Plaintiff's civil rights. (SAC 2.) In particular, Plaintiff claims that Defendant Barnik denied Plaintiff a roll of toilet paper, allegedly stating that: "It's because of you people ('you people' being reference to Plaintiff's ethnic/racial background and fact of his being an alien) that the State is in a budget crisis, you'll have to use the restroom and wipe your ass with your finger!" (*Id.*) Plaintiff alleges that Defendant then screamed profanities at Plaintiff

"in regard to Plaintiff's ethnic/racial background and [the] fact that [Plaintiff] is an alien." (SAC 3.) Plaintiff also alleges that Defendant "physically assaulted and battered Plaintiff by spitting onto/into Plaintiff's face." (*Id.*) Plaintiff then states that Defendant "threw a roll of toilet paper at Plaintiff, striking him in the leg [and s]tating 'Here asshole!" (*Id.*) Plaintiff states that he "then proceed [sic] to hurriedly take the toilet paper and have his bowel movement." (*Id.*)

Plaintiff also alleges that, after relieving himself, he went to the prison medical clinic for "decontamination," where he was again allegedly subjected to "humiliation, degradation, and discrimination resulting from the continued expressed statements from staff members and inmates regarding the incident and the basis being his ethnic/racial background and alien status." (SAC 3.)

Plaintiff alleges that, as a result of Defendant's actions, he suffers "muscle spasms (leg), and bowel discomfort." (SAC 3.) Plaintiff also alleges that he suffers from "mental disorders stemming from the incident." (*Id.*)

Plaintiff's claims that his civil rights were violated under 18 U.S.C. § 242 and 42 U.S.C. § 1983. (SAC 5.) Under a heading entitled "Relief Requested," Plaintiff presents two separate requests for "$1,000,000.00 (One–Million [sic] Dollars), Compensatory Damages." (*See* SAC 6.)

## III. STANDARD OF REVIEW

A complaint brought pursuant to 42 U.S.C. § 1983 requires plaintiff to plead that (1) defendants acted under color of state law and (2) deprived plaintiff of

fendant" to refer to B. Barnik individually; and the Court will refer to "Defendants" when Plaintiff does so, or when it appears

that Plaintiff means to reference un-named defendants other than B. Barnik.

rights secured by the Constitution or federal statutes. *See West v. Atkins,* 487 U.S. 42, 46, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988); *Gibson v. United States,* 781 F.2d 1334, 1338 (9th Cir.1986). The complaint must allege in specific terms how each defendant is involved; there can be no liability under 42 U.S.C. § 1983 unless there is an affirmative link or connection between the defendants' actions and the claimed deprivations. *See Rizzo v. Goode,* 423 U.S. 362, 372–73, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976); *May v. Enomoto,* 633 F.2d 164, 167 (9th Cir.1980). Vague and conclusory allegations of participation in civil rights violations are insufficient. *Ivey v. Board of Regents,* 673 F.2d 266, 268 (9th Cir.1982).

A trial court may dismiss a claim upon motion of the defendant or *sua sponte* pursuant to F.R.C.P. Rule 12(b)(6) for "failure to state a claim upon which relief can be granted." *See Wong v. Bell,* 642 F.2d 359, 361–62 (9th Cir.1981). A complaint can be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *See Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984) (citing *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101, 2 L.Ed.2d 80 (1957)). In reviewing a Complaint under this standard, the Court must accept as true the allegations of the Complaint in question (*Hospital Bldg. Co. v. Rex Hospital Trustees,* 425 U.S. 738, 740, 96 S.Ct. 1848, 1850, 48 L.Ed.2d 338 (1976)), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen,* 395 U.S. 411, 421, 89 S.Ct. 1843, 23 L.Ed.2d 404 (1969). However, the "court is not required to accept legal conclusions cast in the form of factual allegations that cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network, et al.,* 18 F.3d 752, 754 (9th Cir.1994) (citations omitted).

Review of a complaint for failure to state a claim is generally limited to the contents of the complaint. *See Buckey v. County of Los Angeles,* 968 F.2d 791, 794 (9th Cir. 1992), *cert. denied,* 506 U.S. 999, 113 S.Ct. 599, 121 L.Ed.2d 536 (1992). The complaint may be dismissed where it discloses some fact that will necessarily defeat the claim. *Franklin v. Murphy,* 745 F.2d 1221, 1228–29 (9th Cir.1984).

The most recent amended complaint of record on file in an action supersedes the original complaint and all prior amended complaints. *See Ferdik v. Bonzelet,* 963 F.2d 1258, 1262 (9th Cir.1992), citing *Hal Roach Studios v. Richard Feiner & Co.,* 896 F.2d 1542, 1546 (9th Cir.1990) ("[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *Loux v. Rhay,* 375 F.2d 55, 57 (9th Cir.1967) (same). Since the original pleading is superseded by an amended pleading and no longer performs any function, claims raised in earlier complaints are not cognizable. *See Ferdik v. Bonzelet,* 963 F.2d at 1262.

In a *pro se* civil rights case, the complaint must be construed liberally to afford the plaintiff the benefit of any doubt. *Karim–Panahi v. Los Angeles Police Department,* 839 F.2d 621, 623 (9th Cir.1988). Before dismissing a *pro se* civil rights complaint for failure to state a claim, the plaintiff should be given a statement of the complaint's deficiencies and an opportunity to cure. *Id.* Only if it is absolutely clear that the deficiencies cannot be cured by amendment should the complaint be dismissed without leave to amend. *Id.; see also Cato v. United States,* 70 F.3d 1103, 1106 (9th Cir.1995).

## IV. DISCUSSION

### A. Review of Claims Presented in Second Amended Complaint; Dismissal with Prejudice of Claim Pursuant to 18 U.S.C. § 242.

This Court notes at the outset that in the instant Second Amended Complaint, Plaintiff does not describe any specific constitutional provisions, such as the Eighth Amendment, that he claims Defendants have violated. Plaintiff only states that Defendants have violated 18 U.S.C. § 242 and 42 U.S.C. § 1983 (*see* SAC 5), and certain unspecified "Civil Rights and/or Privileges protected by the United States Constitution and/or Federal Law" and "fundamental elements of the United States Constitution." (*See* SAC 1, 4, 6.) In fact, in Plaintiff's Reply to Defendant's Opposition to the Second Amended Complaint ("Opp"), Plaintiff states that "Defendant's [sic] appear to attack a claim which is not addressed in the Second Amended Petition"; and Plaintiff goes on to state that "Defendant's [sic] have initiated their own cause of action (claim) of constitutional violation (Equal Protection Clause of the Fourteenth Amendment)." (Opp 1.) Plaintiff states that "Defendant's [sic] err in their assumption that Plaintiff's claim(s) are limited to those of constitutional dimension." (Opp 1.)

As noted above, Plaintiff claims that Defendants violated his rights under 18 U.S.C. § 242 and 42 U.S.C. § 1983. The Court notes that 18 U.S.C. § 242 is a criminal statute which provides for fines and/or imprisonment, or even a sentence of death, for one who "under color of any law ... willfully subjects any person ... to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution of laws of the United States." *See* 18 U.S.C. § 242. There can be no civil liability under 18 U.S.C. § 242. *See Allen v. Gold Country Casino,* 464 F.3d 1044, 1047 (9th Cir.2006) (18 U.S.C. § 242 is a criminal statute that does not give rise to civil liability); *Spotted Eagle v. Blackfeet Tribe of Blackfeet Indian Reservation, City of Browning,* 301 F.Supp. 85, 88 (D.Mont.1969) (same). Accordingly, it is recommended that Plaintiff's claim for relief under 18 U.S.C. § 242 be dismissed with prejudice.

As also noted above, relief under 42 U.S.C. § 1983 requires that (1) defendants acted under color of state law; and (2) deprived plaintiff of rights secured by the Constitution or federal statutes. *See West v. Atkins,* 487 U.S. at 46, 108 S.Ct. 2250; *Gibson v. United States,* 781 F.2d at 1338. With these principles in mind, and construing the Second Amended Complaint liberally as we must (*see Karim–Panahi, supra,* 839 F.2d at 623), the Court finds that Plaintiff presents the following claims in the Second Amended Complaint:

(1) Defendant Barnik violated Plaintiff's rights by shouting "ethnic/racial" and "alien" profanities at him in response to Plaintiff's request for a roll of toilet paper (SAC 2);

(2) Defendant Barnik violated Plaintiff's rights by denying him a roll of toilet paper (SAC 2);

(3) Plaintiff's rights were violated when Defendant Barnik committed a "physical assault" and a "battery" by spitting in Plaintiff's face (SAC 3);

(4) Defendant Barnik violated Plaintiff's rights and committed a "physical assault" and a "battery" by throwing a roll of toilet paper at Plaintiff (SAC 3); and

(5) Other defendants and inmates violated Plaintiff's rights when he was in the "decontamination" unit, following the alleged spitting incident, by making statements about Plaintiff's "ethnic/racial" background and "alien" status (SAC 3).

## B. Claim One: Plaintiff Fails to State a Claim Based on Profanities, and This Claim Should Be Dismissed with Prejudice.

The Court construes Plaintiff's first claim—that is, that Defendant Barnik violated Plaintiff's rights by shouting "ethnic/racial" and "alien" profanities at Plaintiff, in response to Plaintiff's request for a roll of toilet paper—as alleging that Plaintiff's rights under the Eighth Amendment and the Fourteenth Amendment were violated.

### 1. Eighth and Fourteenth Amendment Civil Rights Standards.

The Eighth Amendment to the United States Constitution states, in pertinent part, that "cruel and unusual punishments" shall not be inflicted. U.S. Const. Amend. VIII. The Eighth Amendment "embodies broad and idealistic concepts of dignity, civilized standards, humanity and decency." *Estelle v. Gamble*, 429 U.S. 97, 105, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). "[A] prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, 'sufficiently serious'.... The second requirement follows from the principle that 'only the unnecessary and wanton infliction of pain implicates the Eight Amendment.' To violate the Cruel and Unusual Punishments Clause, a prison official must have a 'sufficiently culpable state of mind' that rises to the level of deliberate indifference." *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (citations omitted).

The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment. *Helling v. McKinney*, 509 U.S. 25, 31, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993); *Farmer*, 511 U.S. 825 at 832, 114 S.Ct. 1970. To succeed on a claim challenging conditions of confinement, a prisoner must meet both an objective and subjective standard. *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir.2000). To meet the objective standard, an inmate must prove that the deprivation he suffered was "objectively, sufficiently serious." *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir.2006) (citations omitted). Prison officials must provide prisoners with adequate "food, clothing, shelter, sanitation, medical care and personal safety." *Toussaint v. McCarthy*, 801 F.2d 1080, 1107 (9th Cir.1986). The court must evaluate the circumstances, nature, and duration of a claimed deprivation to determine whether it is inhumane or so egregious that it could result in significant injury or the unnecessary and wanton infliction of pain. *Clement v. Gomez*, 298 F.3d 898, 903 (9th Cir.2002).

The subjective standard requires a showing that prison officials were "deliberately indifferent" to the inmate's safety. *See Johnson, supra*, 217 F.3d at 731. "Deliberate indifference" requires that prison officials were aware of facts that presented a substantial risk of harm to the inmate, and recognized that the situation posed a substantial risk of harm. *Estate of Ford v. Ramirez–Palmer*, 301 F.3d 1043, 1049–50 (9th Cir.2002). A finding that the defendant's activity resulted in "substantial harm" is not necessary; the Eighth Amendment protects deprivations which result "in pain and suffering for no legitimate penological purpose." *Wood v. Housewright*, 900 F.2d 1332, 1340 (9th Cir. 1990).

If a challenged condition does not deprive inmates of one of these basic Eight Amendment requirements, it is immune from Eighth Amendment attack. *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982) Moreover, conditions of confinement may, consistent with the Constitution, be

restrictive and harsh. *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981). The Eighth Amendment requires neither that prisons be comfortable nor that they provide every amenity that one might find desirable. *Hoptowit*, 682 F.2d at 1246 (citing *Rhodes*, 452 U.S. at 347, 101 S.Ct. 2392).

The Fourteenth Amendment provides, in pertinent part, that "[n]o state shall ... deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. Amend. XIV, § 1. To state a claim for a Fourteenth Amendment equal protection violation, a plaintiff must allege that defendant intentionally discriminated against him based upon membership in a protected class. *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir.1998).

2. *Discussion: no civil rights relief for vague and conclusory allegations of single instance of abusive language.*

█ Plaintiff's allegations that his civil rights were violated by Defendant Barnik shouting "ethnic/racial" and "alien" profanities fails to state a claim upon which relief can be granted.

First, Plaintiff's claims are vague and conclusory. Plaintiff states that Defendant Barnik said "[i]t's because of *you people* that the State is in a budget crisis" (SAC 2; italics added); and then Plaintiff goes on to assume that "you people" is a "reference to Plaintiff's ethnic/racial background and fact of his being an alien." (SAC 2.) However, the phrase "you people" does not, in and of itself, evidence racial or discriminatory animus; and since this claim is vague and conclusory, no relief is warranted. *See Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir.1992) (vague and conclusory allegations of civil rights violations not sufficient to withstand F.R.C.P. Rule 12(b)(6) motion to dismiss).

█ Furthermore, neither the Eighth nor the Fourteenth Amendment provides relief on a civil rights claim for verbal harassment, including abuse or threats. It is well settled that verbal harassment of a prisoner, although deplorable, does not violate the Eighth Amendment *See Austin v. Terhune*, 367 F.3d 1167, 1171 (9th Cir. 2004); *Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir.1996). *See also DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir.2000) (standing alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest, or deny a prisoner equal protection of the laws); *Boddie v. Schnieder*, 105 F.3d 857, 861 (2d Cir.1997) (rejecting the Eighth Amendment claim of a prisoner who alleged that he "was verbally harassed, touched, and pressed against without his consent" because "[n]o single incident that he described was severe enough to be 'objectively, sufficiently serious'.").

Similarly, verbal harassment, abuse, and threats, without more, are not sufficient to state a Fourteenth Amendment constitutional deprivation under § 1983. *See Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir.1987) (allegations that correctional counselor told plaintiff that he would transfer him to a higher custody status unit if he tried to go to the law library and that he would be sorry if he filed a class action suit were not actionable under § 1983); *Freeman v. Arpaio*, 125 F.3d 732 (9th Cir.1997) (abusive language directed at prisoner's religious background and ethnic background not actionable), abrogated on other grounds by *Shakur v. Schriro*, 514 F.3d 878 (9th Cir.2008). *See also Bashale v. Boise Public Library*, 2007 WL 4180684, *2 (D.Idaho 2007) (no relief on allegations that plaintiff was asked to leave public library because he is a black African and speaks with an accent), citing *Patton v. Przybylski*, 822 F.2d 697, 700 (7th Cir. 1987) (use of derogatory racial epithets does not violate Fourteenth Amendment).

Taken together, it must be found that Plaintiff's allegation of a civil rights violation due to Defendant Barnik's alleged comments about Plaintiff's racial, ethnic, or alienage background does not state a claim. Plaintiff has been given leave to amend this claim twice; and it is now absolutely clear that these deficiencies cannot be cured. Accordingly, this claim should be dismissed with prejudice pursuant to F.R.C.P. Rule 12(b)(6). *See Karim–Panahi*, 839 F.2d at 623; *Cato v. United States*, 70 F.3d at 1106.

### C. Claim Two: No Relief for Vague Claim of Brief, *De Minimis* Denial of Toilet Paper, and Dismissal with Prejudice Is Warranted.

The Court construes the second claim presented in Plaintiff's Second Amended Complaint as a claim based on Plaintiff's alleged denial of a roll of toilet paper by Defendant Barnik.

The Court notes that Plaintiff does not state how much time elapsed from the time he requested the toilet paper from Defendant Barnik until the time that he actually received the toilet paper from Defendant Barnik (albeit when Defendant Barnik threw the toilet paper at him). These vague allegations are insufficient to establish the duration of Plaintiff's claimed deprivation.

■ In any event, Plaintiff has only alleged a *de minimis*, apparently brief, one-time deprivation of toilet paper, and such a deprivation does not rise to the level of a civil rights violation. A one-time or short duration denial of personal hygiene products does not rise to the level of an "unquestioned and serious deprivation of basic human needs" that is necessary to establish an Eighth Amendment violation. *See Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981); *May v. Baldwin*, 109 F.3d 557, 566 (9th Cir.1997).

Plaintiff has been given leave to amend this claim twice; and it is now absolutely clear that the claim's deficiencies cannot be cured by amendment. Accordingly, this claim should be dismissed with prejudice pursuant to F.R.C.P. Rule 12(b)(6). *See Karim–Panahi*, 839 F.2d at 623; *Cato v. United States*, 70 F.3d at 1106.

### D. Claim Three: One–Time Spitting on Face Does Not State Claim, and Dismissal with Prejudice Is Warranted.

■ Plaintiff's third claim alleges that Defendant Barnik violated Plaintiff's rights by "spitting onto/into Plaintiff's face." (SAC 3.) However, a one-time incident of spitting, while certainly deplorable, does not rise to the level of a constitutional violation. *See DeMallory v. Cullen*, 855 F.2d 442, 444 (7th Cir.1988) (correctional officer spitting upon prisoner does not rise to level of constitutional violation). *See also Glover v. Evans*, 2007 WL 3022249, *1 (N.D.Cal.2007) (no relief for single instance of meal not provided in compliance with special religious diet), citing *DeMallory, supra. Cf. also Gill v. Tuttle*, 93 Fed. Appx. 301, 303 (2d Cir.2004) (unpublished) (finding that prison guard spitting on prisoner was *de minimis* use of force and did not violate Eighth Amendment).

Plaintiff has been given leave to amend this claim twice; and it is now absolutely clear that the claim's deficiencies cannot be cured by amendment. Accordingly, this claim should be dismissed with prejudice pursuant to F.R.C.P. Rule 12(b)(6). *See Karim–Panahi*, 839 F.2d at 623; *Cato v. United States*, 70 F.3d at 1106.

### E. Claim Four: Physical "Assault" and "Battery" Involving Toilet Paper Not Actionable, and Dismissal with Prejudice Warranted.

Plaintiff's fourth claim presents an allegation that Defendant Barnik committed a

civil rights violation when he threw the roll of toilet paper at Plaintiff, striking Plaintiff in the leg. (SAC 3.) Plaintiff alleges that he "continues to suffer muscle spasms (leg)" (SAC 3), presumably from being struck in the leg by the toilet paper roll.

As noted, an Eighth Amendment claim requires that a claimed deprivation or harm be objectively and sufficiently serious enough to warrant relief. *See Farmer v. Brennan*, 511 U.S. at 834, 114 S.Ct. 1970; *Hudson v. McMillian*, 503 U.S. 1, 9–10, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992) (no Eighth Amendment violation for *de minimis* use of force; but if force is of the kind that is "repugnant to the conscience of mankind," force may be excessive). *See also Boddie v. Schnieder*, 105 F.3d 857, 861 (2d Cir.1997) (rejecting Eighth Amendment claim of prisoner who alleged that he was "touched, and pressed against without his consent" because "[n]o single incident that he described was severe enough to be 'objectively, sufficiently serious' ").

■ Here, the claimed force cannot be found to be more than *de minimis*. While perhaps an insult, it is hard to imagine any injury resulting to an adult male from being struck in the leg by a roll of toilet paper. Accordingly, these facts fail to state a claim upon which relief can be granted. Since Plaintiff has been given leave to amend this claim twice, it is now absolutely clear that the claim's deficiencies cannot be cured by amendment. Accordingly, this claim should be dismissed with prejudice. *See* F.R.C.P. Rule 12(b)(6); *Karim–Panahi*, 839 F.2d at 623; *Cato v. United States*, 70 F.3d at 1106.

**F. Claim Five: Comments by Other Defendants and Inmates Do Not State Violations and Dismissal with Prejudice Warranted.**

■ Lastly, Plaintiff argues that when he was taken to the "decontamination" unit, after Defendant Barnik allegedly spit on his face, Plaintiff again had to endure verbal harassment from other un-named "Defendants" and other unnamed inmates in regard to the toilet paper incident. These allegations are vague and conclusory, since they do not identify who said what to Plaintiff to allegedly violate his civil rights. As noted, vague and conclusory allegations of participation in civil rights violations are insufficient. *Ivey v. Board of Regents*, 673 F.2d at 268. As also noted above, a one-time incidence of verbal harassment of a prisoner does not violate the Eighth Amendment. *See Austin v. Terhune*, 367 F.3d at 1171; *Keenan v. Hall*, 83 F.3d at 1092. In addition, one-time verbal harassment from fellow inmates does not violate the Eighth Amendment either, because fellow inmates are not "acting under the color of state law." *See West v. Atkins*, 487 U.S. at 46, 108 S.Ct. 2250 (defendant must be acting under color of state law); *Gibson v. United States*, 781 F.2d at 1338 (same).

Accordingly, these facts fail to state a claim upon which relief can be granted. Since Plaintiff has been given leave to amend this claim twice, it is now absolutely clear that the claim's deficiencies cannot be cured by amendment, and this claim should be dismissed with prejudice. *See* F.R.C.P. Rule 12(b)(6).

### RECOMMENDATION

For all of the foregoing reasons, IT IS RECOMMENDED that the Court issue an Order: (1) approving and adopting this Report and Recommendation; (2) directing that Judgment be entered dismissing the entire instant action with prejudice; and (3) permanently enjoining Plaintiff from filing any new lawsuits in this Court without obtaining prior approval from a

United States District Judge or Magistrate Judge pursuant to Local Rule 83–8.2.

DATED: March 6, 2008.